**BOIES SCHILLER FLEXNER LLP**
K. LUAN TRAN (SBN 193808)
725 South Figueroa Street, 31st Floor
Los Angeles, CA 90017
Telephone: (213) 629-9040
Facsimile: (213) 629-9022
ltran@bsfllp.com

MAXWELL V. PRITT (SBN 253155)
1999 Harrison Street, Suite 900
Oakland, CA 94612
Telephone: (510) 874-1000
Facsimile: (510) 874-1460
mpritt@bsfllp.com

Attorneys for IRA KLEIMAN, as Personal
Representative of the Estate of David Kleiman,
and W&K INFO DEFENSE RESEARCH, LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| IN RE SUBPOENA TO JOSEPH VAUGHN PERLING | Misc. Case No. 2:19-mc-00083 |
| IRA KLEIMAN, as the personal representative of the Estate of David Kleiman, and W&K Info Defense Research, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> CRAIG WRIGHT, <br><br> Defendant. | Underlying Litigation: <br> Case No. 9:18-cv-80176-BB <br> United States District Court <br> Southern District of Florida <br><br> **[DISCOVERY MATTER]** <br><br> **NOTICE OF MOTION AND MOTION TO COMPEL COMPLIANCE WITH SUBPOENA AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** <br><br> Judge:        TBD <br> Hearing Date: TBD <br> Hearing Time: TBD <br> Courtroom:    TBD |

MOTION TO COMPEL COMPLIANCE WITH SUBPOENA

## NOTICE OF MOTION AND MOTION TO COMPEL

## COMPLIANCE WITH SUBPOENA

PLEASE TAKE NOTICE THAT Ira Kleiman, as the personal representative of the Estate of David Kleiman, and W&K Info Defense Research, LLC move for an order requiring Joseph Vaughn Perling to comply with a subpoena served on March 20, 2019, and for an order requiring Mr. Vaughn Perling to show cause as to why he should not be held in contempt.  This motion is supported by the attached Memorandum of Points and Authorities and Declaration of Maxwell V. Pritt.

Dated: June 5, 2019

BOIES SCHILLER FLEXNER LLP

*/s/ Maxwell V. Pritt*
Maxwell V. Pritt (SBN 193808)
1999 Harrison Street, Suite 900
Oakland, CA 94612
Telephone:  (510) 874-1000
Facsimile:  (510) 874-1460
mpritt@bsfllp.com

K. Luan Tran
725 South Figueroa Street, 31st Floor
Los Angeles, CA 90017
Telephone:  (213) 629-9040
Facsimile:  (213) 629-9022
ltran@bsfllp.com

Attorneys for Ira Kleiman, as Personal Representative of the Estate of David Kleiman, and W&K Info Defense Research, LLC

MOTION TO COMPEL COMPLIANCE WITH SUBPOENA

1

### MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.     INTRODUCTION

3

4

5

6

7

8

9

10

11

12

13

This action arises out of Joseph Vaughn Perling's refusal to respond to a subpoena issued by the United States District Court for the Southern District of Florida on February 25, 2019 (the "Subpoena," attached as Exhibit 1 to the Declaration of Maxwell V. Pritt ("Pritt Decl.")), which demanded that Mr. Vaughn Perling produce and send documents to the Los Angeles office of Boies Schiller Flexner LLP, counsel for movants Ira Kleiman, as personal representative of the Estate of David Kleiman, and W&K Info Defense Research, LLC (together, "Movants").  Despite being personally served with the Subpoena on March 20, 2019, Mr. Vaughn Perling—more than two months later—still has not responded to the Subpoena. As a result, Movants request that this Court compel Mr. Vaughn Perling to comply with the Subpoena and order Mr. Vaughn Perling to show cause as to why he should not be held in contempt.

14

## II.    BACKGROUND

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Ira Kleiman, as personal representative of the Estate of David Kleiman, and W&K Info Defense Research, LLC filed a complaint in the United States District Court for the Southern District of Florida against Craig Wright, alleging that Wright committed various torts against Movants and misappropriated their trade secrets (the "Florida Action").  (*See* Pritt Decl., Ex. 2, Second Amend. Compl., *Kleiman v. Wright*, No. 9:18-cv-80176-BB (S.D. Fla. Jan. 14, 2019), ECF No. 83.)  Mr. Wright moved to dismiss the Florida Action, and the Court denied the motion in large part except as to two misappropriation claims, which the Court held were barred by the applicable statute of limitations.  (Pritt Decl., Ex. 3, Order On Motion To Dismiss, *Kleiman v. Wright*, No. 9:18-cv-80176-BB (S.D. Fla. Dec. 27, 2018), ECF No. 68.) On February 25, 2019, pursuant to the Florida Action, the United States District Court for the Southern District of Florida issued the Subpoena to Joseph Vaughn Perling, a nonparty to the Florida Action.  (Pritt Decl., Ex. 1.)  That Subpoena demanded that Mr. Vaughn Perling produce certain documents by March 27, 2019, to the Los Angeles offices of Boies Schiller Flexner LLP.  (*Id.*)

-2-

On March 20, 2019, Mr. Vaughn Perling was served personally with the Subpoena at his home in Agoura Hills, California.  (Pritt Decl., Ex. 4, Affidavit of Service.)  As of May 6, 2019, more than one month after being served, Mr. Vaughn Perling had not objected to or responded in any way to the Subpoena, let alone complied with it.  *See* Fed. R. Civ. P. 45 (c)-(e) (a subpoenaed party has 14 days to produce the documents and ESI demanded by a subpoena, serve written objections, or move to quash or modify the subpoena).  Accordingly, on May 23, 2019, pursuant to Local Rule 37-1, counsel for Movants sent a letter to Mr. Vaughn Perling requesting that Mr. Vaughn Perling (or any counsel he may have retained) respond to the Subpoena by June 3, 2019.  (Pritt Decl., Ex. 5.)  Nevertheless, neither Mr. Vaughn Perling (nor any counsel representing him) responded.  In other words, two months after being personally served, Mr. Vaughn Perling has neither complied with nor objected to the Subpoena.  Nor has he (or any counsel) responded in any fashion to communications from Movants.

## III.   ARGUMENT

The Subpoena is valid and was properly served on Mr. Vaughn Perling in compliance with Federal Rule of Civil Procedure 45.  (*See* Pritt Decl., Ex. 1 (Subpoena) and Ex. 4 (Affidavit of Service).)  Thus, the Court should order Mr. Vaughn Perling to comply with the Subpoena and show cause as to why he should not be held in contempt because (1) this Court has jurisdiction over disputes concerning the Subpoena; (2) Movants complied with the applicable Local Rules concerning discovery disputes before bringing this Motion; (3) Mr. Vaughn Perling violated the Subpoena and waived any objections by doing so; and (4) Mr. Vaughn Perling's disregard of the Subpoena warrants an order to compel and an order to show cause.

*First*, this Court has jurisdiction over disputes concerning the Subpoena.  "A motion to compel production pursuant to a third-party subpoena is to be filed in 'the district where compliance is required.'"  *Chambers v. Whirlpool Corp.*, No. SA CV 11-1733 FMO (JCGx), 2016 WL 9451360, at *3 (C.D. Cal. Aug. 12, 2016) (citations omitted); *see, e.g.*, *Europlay Capital Advisors, LLC v. Does*, 323 F.R.D. 628, 629 (C.D. Cal. 2018) ("Under the federal

1  rules, as amended in 2013, 'a subpoena must be issued by the court where the underlying

2  action is pending, but challenges to the subpoena are to be heard by the district court

3  encompassing the place where compliance with the subpoena is required.") (citations omitted).

4  Here, a Los Angeles address in the Central District of California, within 100 miles of where

5  Mr. Vaughn Perling resides (Agoura Hills), is the place where compliance is required.  (Pritt

6  Decl., Ex. 1; *see* F.R.C.P. 45(c)(2)(A).)  Accordingly, this is the proper Court to enforce the

7  Subpoena.

8  *Second*, Movants complied with the applicable Local Rules concerning discovery

9  disputes before bringing this Motion.  According to Local Rule 45-1, Local Rule 37 "applies to

10  all motions relating to discovery subpoenas served on (a) parties and (b) non-parties

11  represented by counsel."  CD. Cal. L.R. 45-1.  Local Rule 37-1 requires that, prior to filing a

12  discovery motion, "counsel for the parties shall confer in a good faith effort to eliminate the

13  necessity for hearing the motion or to eliminate as many of the disputes as possible," and that

14  "[i]t shall be the responsibility of counsel for the moving party to arrange for this conference."

15  C.D. Cal. L.R. 37-1.  "[C]ounsel for the opposing party" is obligated to "confer with counsel

16  for the moving party within ten (10) days after the moving party serves a letter requesting such

17  conference."  *Id.*  If the parties' attorneys confer but are "unable to settle their differences,"

18  then the parties may file a discovery motion in the form of a joint stipulation.  C.D. Cal. L.R.

19  37-2.  If, however, the moving party does not receive timely responses from the opposing

20  party, then the moving party may file a discovery motion that is not in the form of a joint

21  stipulation.  *Id.*; *see also Rich v. Kirkland*, No. CV 11-4272-JLS (SPx), 2015 WL 7185390, at

22  *3 (C.D. Cal. Nov. 13, 2015) ("[I]t appears plaintiff has not received timely responses from

23  Vega or any of the eight individuals and entities he represents in connection with the document

24  subpoenas.  Accordingly, plaintiff was not required to bring the motion in the form of a joint

25  stipulation.").[1]

26  _____

27  [1] Because Mr. Vaughn Perling failed to respond to the **S**ubpoena in any fashion whatsoever, it is unclear whether he is represented by counsel and, therefore, whether Local Rule 37 applies.  *See Alloure, Inc. v. FA Coop., Inc.*, No. SACV 08-0614 DOC (RNBx), 2009

28  WL 10675174, at *1 (C.D. Cal. Sept. 25, 2009) ("The Court also notes that Plaintiff was not required to comply with the requirement of Local Rule 37 regarding conferring in good faith

-4-

MOTION TO COMPEL COMPLIANCE WITH SUBPOENA

*Third*, by failing to respond to the Subpoena, Mr. Vaughn Perling has waived any objections he may have had to the documents requests in the Subpoena.  A nonparty may object "to the subpoena duces tecum within 14 days after service or before the time for compliance, if less than 14 days." *McCoy v. Southwest Airlines Co., Inc.*, 211 F.R.D. 381, 384 (C.D. Cal. 2002); Fed. R. Civ. P. 45(d)(2)(B) ("The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served.").  "[A] nonparty's failure to timely make objections to a Rule 45 subpoena duces tecum generally requires the court to find that any objection, including attorney-client privilege, has been waived." *McCoy*, 211 F.R.D. at 385; *Poturich v. Allstate Ins. Co.*, No. EDCV 15-0081-GW (KKx), 2015 WL 12766048, at *2 (C.D. Cal. Aug. 11, 2015) ("Quality Sheds has failed to object [to the subpoena] within the time required and hence, has waived any objections."); *Rich*, 2015 WL 7185390, at *3 ("by failing to respond in any fashion to the document requests by their original deadlines, the subpoenaed defendants and third parties waived any objections to those requests").

Here, Mr. Vaughn Perling was properly served with a valid subpoena on March 20, 2019, and his response was due on March 27, 2019.  (*See* Pritt Decl., Ex. 1, and Ex. 4.) Nonetheless, to date, Mr. Vaughn Perling has neither complied with nor objected to the Subpoena.  By failing to respond in any fashion to the Subpoena for more than two months after being served, let alone objecting to the Subpoena or moving to quash it within the time for compliance, Mr. Vaughn Perling has waived any objections to the Subpoena.  *Rich*, 2015 WL 7185390, at *3 (nonparty that failed to "respond in any fashion" to subpoena waived objections).

*Fourth*, Mr. Vaughn Perling's disregard of the Subpoena warrants an order to compel his compliance with the Subpoena and to show cause as to why he should not be held in contempt.  Because "[a] subpoena is a court order . . . contempt proceedings are an appropriate avenue to obtain compliance." *Delis v. Sionix Corp.*, No. SACV 13-1547 AG (RNBx), 2015

---

prior to bringing discovery motions because USFC is a nonparty who is not represented by counsel.").  Nonetheless, out of an abundance of caution, Movants complied with Local Rule 37.

MOTION TO COMPEL COMPLIANCE WITH SUBPOENA

1   WL 12733439, at *2 (C.D. Cal. Mar. 12, 2015); *see* Fed. R. Civ. P. 45(g) ("The court for the

2   district where compliance is required . . . may hold in contempt a person who, having been

3   served, fails without adequate excuse to obey the subpoena or an order related to it.").  Here,

4   Mr. Vaughn Perling has not responded to the Subpoena in any fashion for over two months.

5   Accordingly, an order to show cause is appropriate.  *See, e.g.*, *Morin v. County of Riverside*,

6   No. ED CV 14-141-GW (SP), 2014 WL 12597117, at *2 (C.D. Cal. Oct. 27, 2014) ("Upon

7   Cruz's failure to obey the subpoena in the first instance, plaintiffs could have moved the court

8   to hold him in contempt.").

9           Additionally, when a nonparty objects to a subpoena, "the serving party may move the

10  court for the district where compliance is required for an order compelling production."  Fed.

11  R. Civ. P. 45(d)(2)(B).  Such a motion is proper not only when a nonparty formally objects, but

12  also where the nonparty refuses to comply with the subpoena.  *See Miranda v. Hokinson*, No.

13  CV 07-0609-FMC(RCx), 2008 WL 11337227, at *2 (C.D. Cal. Dec. 12, 2008) (allowing

14  motion to compel, where the moving party had "not shown [that the nonparty] objected to the

15  subpoenas," but the court inferred, based on the nonparty's noncompliance, that the nonparty

16  would "not comply with [the moving party's] subpoenas without a Court order"); *see also*

17  *Poturich*, 2015 WL 12766048, at *2 (granting motion to compel compliance with subpoena

18  where nonparty did not formally object to the subpoena).  Indeed, "a motion to compel is

19  plainly justified" and should be granted where a nonparty who is personally served with a

20  subpoena fails to respond.  *See Morin*, 2014 WL 12597117, at *2 (granting motion to compel

21  where nonparty "utter[ly] fail[ed] to obey the subpoena").  Here, although Mr. Vaughn Perling

22  never formally objected to the Subpoena, it is apparent that, in the absence of a court order, he

23  will not comply with the Subpoena.  Accordingly, this motion to compel is proper and should

24  be granted.

25  **IV.    CONCLUSION**

26          For the foregoing reasons, Movants respectfully requests that this Court order Mr.

27  Vaughn Perling to comply with the Subpoena and show cause as to why he should not be held

28  in contempt.

MOTION TO COMPEL COMPLIANCE WITH SUBPOENA

Dated: June 5, 2019                    Respectfully Submitted,


                                       */s/ Maxwell V. Pritt*
                                       Maxwell V. Pritt (SBN 193808)
                                       BOIES SCHILLER FLEXNER LLP
                                       1999 Harrison Street, Suite 900
                                       Oakland, CA 94612
                                       Telephone:   (510) 874-1000
                                       Facsimile:   (510) 874-1460
                                       mpritt@bsfllp.com

                                       K. Luan Tran (SBN 193808)
                                       BOIES SCHILLER FLEXNER LLP
                                       725 South Figueroa Street, 31st Floor
                                       Los Angeles, CA 90017
                                       Telephone:   (213) 629-9040
                                       Facsimile:   (213) 629-9022
                                       ltran@bsfllp.com

                                       Attorneys for IRA KLEIMAN, as Personal
                                       Representative of the Estate of David
                                       Kleiman, and W&K INFO DEFENSE
                                       RESEARCH, LLC

MOTION TO COMPEL COMPLIANCE WITH SUBPOENA