# EXHIBIT 1

*[Excerpted Due To Length]*

file, and are therefore excluded from the redaction requirements of F.R.Civ.P. 5.2 and L.R. 5.2-1:

(1)   Unexecuted summonses or warrants, supporting applications, and affidavits;
(2)   Pretrial bail reports;
(3)   Presentence investigation reports;
(4)   Statements of reasons in the judgment of conviction;
(5)   Juvenile records;
(6)   Documents containing identifying information about jurors or potential jurors;
(7)   Financial affidavits filed in seeking representation pursuant to the Criminal Justice Act;
(8)   Ex parte requests for authorization of investigative, expert, or other services pursuant to the Criminal Justice Act; and
(9)   Sealed documents.

**F.R.Civ.P. 6.  COMPUTING AND EXTENDING TIME; TIME FOR MOTION PAPERS**

*L.R. 6-1  Notice and Service of Motion*.  Unless otherwise provided by rule or order of the Court, no oral motions will be recognized and every motion shall be presented by written notice of motion. The notice of motion shall be filed with the Clerk not later than twenty-eight (28) days before the date set for hearing, and shall be served on each of the parties electronically or, if excepted from electronic filing, either by deposit in the mail or by personal service.  If mailed, the notice of motion shall be served not later than thirty-one (31) days before the Motion Day designated in the notice.  If served personally, or electronically, the notice of motion shall be served not later than twenty-eight (28) days before the Motion Day designated in the notice. The Court may order a shorter time.  Unless otherwise ordered by the Court, the Clerk shall place each motion on the Motion Day calendar for the date designated in the written notice of motion.

**III.   PLEADINGS AND MOTIONS**

**F.R.Civ.P. 7.  PLEADINGS ALLOWED; FORMS OF MOTIONS AND OTHER PAPERS**

**LOCAL RULES - CENTRAL DISTRICT OF CALIFORNIA**

***L.R. 7-1  Stipulations.*** Stipulations will be recognized as binding only when made in open court, on the record at a deposition, or when filed in the proceeding. Written stipulations affecting the progress of the case shall be filed with the Court, be accompanied by a separate order as provided in L.R. 52-4.1, and will not be effective until approved by the judge, except as authorized by statute or the F.R.Civ.P.

***L.R. 7-2  Applicability.*** The provisions of this rule shall apply to motions, applications, petitions, orders to show cause, and all other proceedings except a trial on the merits (all such being included within the term "motion" as used herein) unless otherwise ordered by the Court or provided by statute, the F.R.Civ.P., or the Local Rules.

***L.R. 7-3  Conference of Counsel Prior to Filing of Motions.*** In all cases not listed as exempt in L.R. 16-12, and except in connection with discovery motions (which are governed by L.R. 37-1 through 37-4) and applications for temporary restraining orders or preliminary injunctions, counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution. The conference shall take place at least seven (7) days prior to the filing of the motion. If the parties are unable to reach a resolution which eliminates the necessity for a hearing, counsel for the moving party shall include in the notice of motion a statement to the following effect:

"This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on (date)."

***L.R. 7-4  Motions.*** The Court may decline to consider a motion unless it meets the requirements of L.R. 7-3 through 7-8. On the first page of the notice of motion and every other document filed in connection with any motion, there shall be included, under the title of the document, the date and time of the motion hearing, and the name of the judicial officer before whom the motion has been noticed. The notice of motion shall contain a concise statement of the relief or Court action the movant seeks.

***L.R. 7-5  Moving Papers.*** There shall be served and filed with the notice of motion:

**LOCAL RULES - CENTRAL DISTRICT OF CALIFORNIA**

    (a)    A brief but complete memorandum in support thereof and the points and authorities upon which the moving party will rely; and

    (b)    The evidence upon which the moving party will rely in support of the motion.

***L.R. 7-6  Evidence on Motions.*** Factual contentions involved in any motion and opposition to motions shall be presented, heard, and determined upon declarations and other written evidence (including documents, photographs, deposition excerpts, etc.) alone, except that the Court may, in its discretion, require or allow oral examination of any declarant or any other witness.

***L.R. 7-7  Form and Content of Declarations.*** Declarations shall contain only factual, evidentiary matter and shall conform as far as possible to the requirements of F.R.Civ.P. 56(c)(4).

***L.R. 7-8  Presence of Declarants - Civil Cases***. On motions for and orders to show cause re preliminary injunctions, motions to be relieved from default and other motions where an issue of fact is to be determined (e.g., civil contempt, but excluding motions contesting venue and personal jurisdiction), not later than fourteen (14) days prior to the hearing, a party desiring to cross-examine any declarant who is not beyond the subpoena power of the Court and who is reasonably available to the party offering the declaration may serve by hand (or facsimile or by electronic filing) and file a notice of request to cross-examine such declarant.  If the party offering the declaration disputes that the declarant is within the subpoena power of the Court and reasonably available to the offering party, such party shall serve and file an objection to the notice of request to cross-examine not later than eleven (11) days prior to the hearing.  The offering party shall be under no obligation to produce the declarant unless the Court has granted the request to cross-examine by written order not later than three (3) days prior to the hearing.  No declaration of a declarant with respect to whom such a request has been granted shall be considered unless such declarant is personally present and available at the hearing for such cross-examination as the Court may permit.  The Court may, in the alternative, order that the cross-examination be done by deposition taken on two (2) days' notice with the transcript being lodged five (5) days prior to the hearing.  The Court may impose sanctions pursuant to these Local Rules against any party or counsel who requests the presence of any declarant without a good-faith intention to cross-examine the declarant.

**LOCAL RULES - CENTRAL DISTRICT OF CALIFORNIA**

***L.R. 7-9  Opposing Papers.***  Each opposing party shall, not later than ten (10) days after service of the motion in the instance of a new trial motion and not later than twenty-one (21) days before the date designated for the hearing of the motion in all other instances, serve upon all other parties and file with the Clerk either (a) the evidence upon which the opposing party will rely in opposition to the motion and a brief but complete memorandum which shall contain a statement of all the reasons in opposition thereto and the points and authorities upon which the opposing party will rely, or (b) a written statement that that party will not oppose the motion.  Evidence presented in all opposing papers shall comply with the requirements of L.R. 7-6, 7-7 and 7-8.

***L.R. 7-10  Reply Papers.***  A moving party may, not later than fourteen (14) days before the date designated for the hearing of the motion, serve and file a reply memorandum, and declarations or other rebuttal evidence.  Absent prior written order of the Court, the opposing party shall not file a response to the reply.

***L.R. 7-11  Continuance of Hearing Date.***  Unless the order for continuance shall specify otherwise, the entry of an order continuing the hearing of a motion automatically extends the time for filing and serving opposing papers and reply papers to twenty-one (21) days and fourteen (14) days, respectively, preceding the new hearing date.  A stipulation to continue shall provide the date the opposition and reply papers are due to be filed with the Court.

***L.R. 7-12  Failure to File Required Documents.***  The Court may decline to consider any memorandum or other document not filed within the deadline set by order or local rule. The failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion, with the exception that a motion pursuant to F.R.Civ.P. 56 may not be granted solely based on the failure to file an opposition.

***L.R. 7-13  Sanctions for Late Filing.***  A party filing any document in support of, or in opposition to, any motion noticed for hearing as above provided after the time for filing the same shall have expired, also shall be subject to the sanctions of L.R. 83-7 and the F.R.Civ.P.

**LOCAL RULES - CENTRAL DISTRICT OF CALIFORNIA**

***L.R. 7-14 Appearances at Hearing.*** Counsel for the moving party and the opposing party shall be present on the hearing date and shall have such familiarity with the case as to permit informed discussion and argument of the motion. Failure of any counsel to appear, unless excused by the Court in advance pursuant to L.R. 7-15 or otherwise, may be deemed consent to a ruling upon the motion adverse to that counsel's position.

***L.R. 7-15 Oral Argument - Waiver.*** Counsel may, with the consent of the Court, waive oral argument. Counsel who have agreed to waive oral argument shall advise the court clerk of such agreement by no later than noon on the fifth day preceding the hearing date. The court clerk shall advise the parties by no later than noon on the court day preceding the hearing date as to whether the Court has consented to the waiver of oral argument. The Court may dispense with oral argument on any motion except where an oral hearing is required by statute, the F.R.Civ.P. or these Local Rules.

***L.R. 7-16 Advance Notice of Withdrawal or Non-Opposition.*** Any moving party who intends to withdraw the motion before the hearing date shall file and serve a withdrawal of the motion, not later than seven (7) days preceding the hearing. Any opposing party who no longer intends to oppose the motion, shall file and serve a withdrawal of the opposition, not later than seven (7) days preceding the hearing.

***L.R. 7-17 Resubmission of Motions Previously Acted Upon.*** If any motion, application or petition has been made to any judge of this Court and has been denied in whole or in part or has been granted conditionally or on terms, any subsequent motion for the same relief in whole or in part, whether upon the same or any allegedly different state of facts, shall be presented to the same judge whenever possible. If presented to a different judge, it shall be the duty of the moving party to file and serve a declaration setting forth the material facts and circumstances as to each prior motion, including the date and judge involved in the prior motion, the ruling, decision, or order made, and the new or different facts or circumstances claimed to warrant relief and why such facts or circumstances were not shown to the judge who ruled on the motion. Any failure to comply with the foregoing requirements shall be the basis for setting aside any order made on such subsequent motion, either sua sponte or on motion or application, and the offending party or attorney may be subject to the sanctions provided by L.R. 83-7.

**LOCAL RULES - CENTRAL DISTRICT OF CALIFORNIA**

*L.R. 7-18  Motion for Reconsideration.*  A motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision.  No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

*L.R. 7-19  Ex Parte Application.*  An application for an ex parte order shall be accompanied by a memorandum containing, if known, the name, address, telephone number and e-mail address of counsel for the opposing party, the reasons for the seeking of an ex parte order, and points and authorities in support thereof.  An applicant also shall lodge the proposed ex parte order.

> *L.R. 7-19.1  Notice of Application.*  It shall be the duty of the attorney so applying (a) to make reasonable, good faith efforts orally to advise counsel for all other parties, if known, of the date and substance of the proposed ex parte application and (b) to advise the Court in writing and under oath of efforts to contact other counsel and whether any other counsel, after such advice, opposes the application.
>
> *L.R. 7-19.2  Waiver of Notice.*  If the judge to whom the application is made finds that the interest of justice requires that the ex parte application be heard without notice (which in the instance of a TRO means that the requisite showing under F.R.Civ.P. 65(b) has been made), the judge may waive the notice requirement of L.R. 7-19.1.

*L.R. 7-20  Orders on Motions and Applications.*  A separate proposed order shall be lodged with any motion or application requiring an order of the Court, pursuant to L.R. 52-4.1.  Unless exempted from electronic filing pursuant to L.R. 5-4.2, each proposed order shall comply with L.R. 5-4.4.

**F.R.Civ.P. 7.1.  DISCLOSURE STATEMENT**

> *L.R. 7.1-1  Notice of Interested Parties.*  To enable the Court to evaluate possible disqualification or recusal, counsel for all non-governmental parties shall file with their first appearance a Notice of Interested Parties, which

12/1/18                                                                                                Chapter I - 23

shall list all persons, associations of persons, firms, partnerships, and corporations (including parent corporations, clearly identified as such) that may have a pecuniary interest in the outcome of the case, including any insurance carrier that may be liable in whole or in part (directly or indirectly) for a judgment in the action or for the cost of defense.  If the Notice of Interested Parties is filed with the Clerk in paper format pursuant to L.R. 5-4.2, an original and two copies shall be filed.  If the Notice of Interested Parties is filed electronically, Mandatory Chambers Copies shall be delivered to both the assigned district judge and the assigned magistrate judge.  Counsel shall be under a continuing obligation to file an amended Notice if any material change occurs in the status of interested parties, as through merger or acquisition or change in carrier that may be liable for any part of a judgment.

The Notice shall include the following certification:

"The undersigned, counsel of record for _____, certifies that the following listed party (or parties) may have a pecuniary interest in the outcome of this case. These representations are made to enable the Court to evaluate possible disqualification or recusal.

(Here list the names of all such parties and identify their connection and interest.)

                              Signature, Attorney of Record for:"


**F.R.Civ.P. 8.  GENERAL RULES OF PLEADING**

***L.R. 8-1  Jurisdiction - Allegations.***  The statutory or other basis for the exercise of jurisdiction by this Court shall be plainly stated in the first paragraph of any document invoking this Court's jurisdiction.

***L.R. 8-2  Three-Judge Court - Identification in Pleading.***  If a party contends that the matter filed requires hearing by a court composed of three judges, the words "Three-Judge Court" shall be typed immediately below the docket number.

***L.R. 8-3  Response to Initial Complaint.***  A stipulation extending the time to respond to the initial complaint shall be filed with the Clerk.  If the