**BOIES SCHILLER FLEXNER LLP**
K. LUAN TRAN (SBN 193808)
725 South Figueroa Street, 31st Floor
Los Angeles, CA 90017
Telephone: (213) 629-9040
Facsimile: (213) 629-9022
ltran@bsfllp.com

MAXWELL V. PRITT (SBN 253155)
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone: (415) 293-6800
Facsimile: (510) 293-6899
mpritt@bsfllp.com

Attorneys for IRA KLEIMAN, as Personal Representative of the Estate of David Kleiman, and W&K INFO DEFENSE RESEARCH, LLC

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| IN RE SUBPOENA TO JOSEPH VAUGHN PERLING<br><br>IRA KLEIMAN, as the personal representative of the Estate of David Kleiman, and W&K Info Defense Research, LLC,<br><br>    Plaintiffs,<br><br>    v.<br><br>CRAIG WRIGHT,<br><br>    Defendant. | Misc. Case No. 2:19-MC-00083-CAS-E<br><br>Underlying Litigation:<br>Case No. 9:18-cv-80176-BB<br>United States District Court<br>Southern District of Florida<br><br>**NOTICE OF MOTION AND MOTION TO EXTEND TIME TO SEEK CONTEMPT ORDER**<br><br>Judge: Christina A. Snyder<br>Date: August 26, 2019<br>Time: 10:00 a.m.<br>Place: Courtroom 8D, 8th Floor |

# NOTICE OF MOTION AND MOTION TO EXTEND TIME TO SEEK A CONTEMPT ORDER

PLEASE TAKE NOTICE THAT Ira Kleiman, as personal representative of the Estate of David Kleiman, and W&K Info Defense Research, LLC hereby move for a 49-day continuance of the contempt hearing scheduled for August 12, 2019, with a new hearing date of September 30 and the following briefing schedule: motion due September 3, opposition due September 10, and reply due September 16.  This motion is supported by the attached Memorandum of Points and Authorities, and is noticed for hearing on August 26, 2019, before Judge Christina Snyder at the First Street Courthouse, 350 W. First Street, Courtroom 8D, 8th Floor, Los Angeles, CA 90012.

Dated: July 26, 2019                                  BOIES SCHILLER FLEXNER LLP

                                                    /s/ Maxwell V. Pritt
Maxwell V. Pritt
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone:  (415) 293-6800
Facsimile:  (415) 293-6899
mpritt@bsfllp.com

K. Luan Tran
725 South Figueroa Street, 31st Floor
Los Angeles, CA 90017
Telephone:  (213) 629-9040
Facsimile:  (213) 629-9022
ltran@bsfllp.com

*Attorneys for Ira Kleiman, as Personal Representative of the Estate of David Kleiman, and W&K Info Defense Research, LLC*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This action arises out of Joseph VaughnPerling's refusal to comply with a subpoena issued by the United States District Court for the Southern District of Florida on February 25, 2019 (the "Subpoena"). *See* Dkt. 1, at 2. On July 8, 2019, this Court held, *inter alia*, that the Subpoena was valid and properly served on Mr. VaughnPerling in compliance with Federal Rule of Civil Procedure 45, and that Mr. VaughnPerling violated the Subpoena and waived any objections by doing so. Dkt. 11. Accordingly, the Court ordered Mr. VaughnPerling to comply with the Subpoena by July 22, 2019, *id.*, and set a hearing and shortened briefing schedule for Ira Kleiman, as personal representative of the Estate of David Kleiman, and W&K Info Defense Research, LLC (together, "Movants") to seek a contempt order, Dkt. 10. Mr. VaughnPerling—in documents filed *after* the Court entered its order—asserts that he was not served personally with the Subpoena.

In order to investigate Mr. VaughnPerling's submissions and the assertions therein, and to attempt to resolve this matter informally, Movants ask this Court to continue contempt hearing scheduled for August 12, 2019, by 49 days, with a new hearing date of September 30, 2019, and the following briefing schedule: motion due by September 3, 2019, opposition due by September 10, 2019, and reply due by September 16, 2019.

## II. BACKGROUND

As explained in Movants' Motion to Compel, *see* Dkt. 1, at 2, the Subpoena was issued to Mr. VaughnPerling on February 25, 2019, by the U.S. District Court for the Southern District of Florida in connection with ongoing litigation filed in that district by Movants. *Id.* Movants validly served Mr. VaughnPerling with the Subpoena on March 20, 2019. *Id.* at 2-3, Dkt. 11 at 2. The Subpoena required Mr. VaughnPerling to produce documents to Movants' counsel's office in Los Angeles by March 27, 2019. Dkt. 1 at 2-3. But he failed to do so. *See id.*

On May 23, 2019, counsel for Movants sent a letter to Mr. VaughnPerling requesting that Mr. VaughnPerling (or any counsel he may have retained) respond to the Subpoena by

1  June 3, 2019.  *Id.* at 3.  Mr. VaughnPerling did not respond.  *Id.*[1]  As a result, on June 5, 2019,
2  Movants filed a motion to compel Mr. VaughnPerling's compliance with the Subpoena.  *See*
3  *generally id.*
4        On July 8, 2019, the Court granted the motion, and further ordered that, if Mr.
5  VaughnPerling failed to comply with the Subpoena by July 22, 2019, Movants "may seek a
6  contempt order from this Court by filing a motion on or before July 26, 2019."  Dkt. 10.
7  Pursuant to that order, Mr. VaughnPerling is required to file any opposition by August 2, 2019,
8  and Movants are required to file any reply by August 7, 2019.  *Id.*  The contempt hearing was
9  to be scheduled for August 12, 2019.  *Id.*  Nevertheless, on July 9, 2019, in two separate
10 declarations purportedly executed in different cities on the same day, Mr. VaughnPerling
11 stated—contrary to the Court's order, *see* Dkt. 11—that he "was not served" with the
12 Subpoena.   Dkt. 12 ¶ 1; Dkt. 13 ¶ 1.  Since that date, counsel for Movants and Mr.
13 VaughnPerling or his representatives have engaged in communications in an effort to resolve
14 this matter.

## III.   ARGUMENT

16       Movants respectfully request that the Court (1) extend the contempt briefing schedule
17 set forth in the July 8, 2019 order, Dkt. 11, by 45 days, and (2) continue the contempt hearing
18 scheduled for August 12, 2019, *id.*, by 45 days.  The court has discretion to control its docket
19 and extend a briefing schedule or continue a hearing.  *See Cusano v. Klein*, 485 F. App'x 175,
20 177 (9th Cir. 2012); *see also Rees v. Souza's Milk Transp. Co.*, No. 1:05-cv-00297-LJO-SMS,
21 2008 WL 276574, at *3 (E.D. Cal. Jan. 30, 2008) (continuing hearing based on "discretion to
22 control" docket and "conserve the resources of the Court and the parties").  While the existence
23 of good cause is sufficient to extend a briefing schedule or continue a hearing, *see, e.g.*,
24 *Beecham v. City of W. Sacramento*, No. S:07-CV-0115 JAM EFB, 2009 WL 1120030, at *1
25 (E.D. Cal. Apr. 24, 2009); *Clark v. Time Warner Cable*, No. CV 07 1797 VBF(RCX), 2007

---

[1] Counsel for Movants learned on July 12, 2019, that the letter, which was sent by certified U.S. mail to Mr. VaughnPerling's address, was returned by the U.S. Postal Service as "UNCLAIMED UNABLE TO FORWARD," apparently because no one was home to accept delivery.

WL 1334965, at *1 (C.D. Cal. May 3, 2007), it is not required, *see Smith v. Levinson*, No. SACV 12-1511 AG (ANx), 2013 WL 12153548, at *1 (C.D. Cal. Nov. 27, 2013) ("Although good cause may be lacking, the request to continue the hearing on the Order to Show Cause is GRANTED.").

Here, there is good cause for the Court to exercise its discretion and extend the briefing schedule on Movant's contempt motion and to continue the hearing on that motion. *First*, granting the motion will help conserve judicial resources, as well as the parties' resources. Indeed, if given the additional time requested, Movants may be able to reach an out-of-court agreement with Mr. VaughnPerling that would obviate the need for contempt proceedings and resolve this matter. *Second*, after the Court granted Movants' motion to compel on July 8, 2019, Movants learned, for the first time, that Mr. VaughnPerling apparently believes that he was never validly served with the Subpoena. Movants would like an opportunity to investigate Mr. VaughnPerling's assertion. *Cf. Ready Transp., Inc. v. CRST Malone, Inc.*, No. EDCV 07-0905-JTL, 2009 WL 10669743, at *1 (C.D. Cal. June 18, 2009) (noting that court granted request to continue hearing for good cause where requesting party sought to depose witness prior to hearing). *Third*, granting the motion would not prejudice Mr. VaughnPerling, but rather would provide him with an additional opportunity to comply with the Subpoena. *Cf. Cusano*, 485 F. App'x at 177 (showing of prejudice required to reverse decision regarding continuance).

## IV.   CONCLUSION

For the foregoing reasons, Movants respectfully request that the Court continue the contempt hearing scheduled for August 12, 2019, to September 30, with the following briefing schedule: motion due by September 3, opposition due by September 10, and reply due by September 16.

///
///
///
///

| | | |
|---|---|---|
| 1 | Dated: July 26, 2019 | BOIES SCHILLER FLEXNER LLP |

        */s/ Maxwell V. Pritt*
        Maxwell V. Pritt
        K. Luan Tran

*Attorneys for Ira Kleiman, as Personal Representative of the Estate of David Kleiman, and W&K Info Defense Research, LLC*

# CERTIFICATE OF SERVICE

At the time of service I was over 18 years of age and **not a party to this action.** My business address is 44 Montgomery Street, 41st Floor, San Francisco, California 94104.

On July 26, 2019, I served the following documents:

**NOTICE OF MOTION AND MOTION TO EXTEND TIME
TO SEEK CONTEMPT ORDER**

I served the documents on the **person(s)** below, as follows:

JOSEPH VAUGHNPERLING
P.O. BOX 4135
MALIBU, CA  90264

The documents were served pursuant to F.R.Civ.P. 5(b) by the following means:

| ☑ | **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed above and:<br><br>☐ deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.<br><br>☑ placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. |
|---|---|
| ☐ | **By United States Certified or Registered mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed above outside California. The package was:<br><br>☐ deposited the sealed envelope with the United States Postal Service, first class mail, with the postage fully prepaid, requiring a return receipt, Article No. _____.<br><br>☐ placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope, first class mail, with the postage fully prepaid, requiring a return receipt, Article No. _____. |

I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.  I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Certificate of Service is true and correct.

Date: July 26, 2019

By: _____
Malika Amaru