**BOIES SCHILLER FLEXNER LLP**
K. LUAN TRAN (SBN 193808)
725 South Figueroa Street, 31st Floor
Los Angeles, CA 90017
Telephone: (213) 629-9040
Facsimile: (213) 629-9022
ltran@bsfllp.com

MAXWELL V. PRITT (SBN 253155)
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone: (415) 293-6800
Facsimile: (415) 293-6899
mpritt@bsfllp.com

Counsel for IRA KLEIMAN, as Personal Representative of the Estate of David Kleiman, and W&K INFO DEFENSE RESEARCH, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| IN RE SUBPOENA TO JOSEPH VAUGHN PERLING | Misc. Case No. 2:19-MC-00083-CAS-E |
| IRA KLEIMAN, as the personal representative of the Estate of David Kleiman, and W&K INFO DEFENSE RESEARCH, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> CRAIG WRIGHT, <br><br> Defendant. | Underlying Litigation: <br> Case No. 9:18-cv-80176-BB <br> United States District Court <br> Southern District of Florida <br><br> **NOTICE OF MOTION AND MOTION FOR SECOND EXTENSION OF TIME FOR MOVANTS TO SEEK CONTEMPT ORDER** <br><br> Judge: Christina A. Snyder <br> Date: September 30, 2019 <br> Time: 10:00 a.m. <br> Place: Courtroom 8D, 8th Floor |

**NOTICE OF MOTION AND MOTION FOR SECOND EXTENSION OF TIME**

PLEASE TAKE NOTICE THAT Ira Kleiman, as personal representative of the Estate of David Kleiman, and W&K Info Defense Research, LLC hereby move for a fourteen (14) day continuance of the contempt hearing currently scheduled for September 30, 2019, with a new hearing date of October 14, 2019, and the following briefing schedule: motion for contempt for failure to comply due September 16, opposition due September 23, and reply due September 30.  This motion is supported by the attached Memorandum of Points and Authorities, and is noticed for hearing on September 30, 2019, before Judge Christina Snyder at the First Street Courthouse, 350 W. First Street, Courtroom 8D, 8th Floor, Los Angeles, CA 90012.

Dated: August 28, 2019

BOIES SCHILLER FLEXNER LLP

  /s/ Maxwell V. Pritt
Maxwell V. Pritt (SBN 253155)
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone:  (415) 293-6800
Facsimile:  (415) 293-6899
mpritt@bsfllp.com

K. Luan Tran (SBN 193808)
725 South Figueroa Street, 31st Floor
Los Angeles, CA 90017
Telephone:  (213) 629-9040
Facsimile:  (213) 629-9022
ltran@bsfllp.com

*Counsel for Ira Kleiman, as Personal Representative of the Estate of David Kleiman, and W&K Info Defense Research, LLC*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This action arises out of Joseph VaughnPerling's refusal to comply with a subpoena issued by the United States District Court for the Southern District of Florida on February 25, 2019 (the "Subpoena"). *See* Dkt. 1, at 2. On July 8, 2019, this Court held, *inter alia*, that the Subpoena was valid and properly served on Mr. VaughnPerling in compliance with Federal Rule of Civil Procedure 45, and that Mr. VaughnPerling violated the Subpoena and waived any objections by doing so. Dkt. 11. Accordingly, the Court ordered Mr. VaughnPerling to comply with the Subpoena by July 22, 2019, *id.*, and set a hearing and shortened briefing schedule for Ira Kleiman, as personal representative of the Estate of David Kleiman, and W&K Info Defense Research, LLC (together, "Movants") to seek a contempt order from the Court, Dkt. 10.

Mr. VaughnPerling—in documents filed *after* the Court entered its order—asserts that he was not served personally with the Subpoena. *See* Dkt. 12, 13. To allow Movants to investigate this assertion, on July 26, 2019, the Court granted Movants' motion to extend the contempt briefing schedule and to continue the contempt hearing by 49 days. *See* Dkt. 19. Movants have, over the course of the past month, investigated Mr. VaughnPerling's assertion and now seek a short two-week extension to conduct further investigation. Movants intend to use this time to further investigate whether Mr. VaughnPerling was in fact personally served and, if not, whether Mr. VaughnPerling will accept service and agree to comply fully with the Subpoena.

## II. BACKGROUND

As explained in Movants' Motion to Compel, *see* Dkt. 1, at 2, the Subpoena was issued to Mr. VaughnPerling on February 25, 2019 by the United States District Court for the Southern District of Florida in connection with ongoing litigation filed in that district by Movants. *Id.* Based on information provided to Movants by their process server, Movants believed that Mr. VaughnPerling was validly served with the Subpoena on March 20, 2019. *Id.* at 2-3; Dkt. 11 at 2. The Subpoena required Mr. VaughnPerling to produce documents to

Movants' counsel's office in Los Angeles by March 27, 2019. *Id.* But he failed to do so. *See id.*

On May 23, 2019, counsel for Movants sent a letter to Mr. VaughnPerling requesting that he (or his counsel, if any) respond to the Subpoena by June 3. *Id.* at 3. Mr. VaughnPerling did not respond. *Id.*[1] As a result, on June 5, Movants filed a motion to compel Mr. VaughnPerling's compliance with the Subpoena. *See generally id.* On July 8, the Court granted the motion, and further ordered that, if Mr. VaughnPerling failed to comply by July 22, Movants "may seek a contempt order from this Court by filing a motion on or before July 26, 2019." Dkt. 10. Pursuant to the order, Mr. VaughnPerling would be required to file his opposition by August 2, and any reply would be due by August 7. *Id.* The contempt hearing was to be scheduled for August 12. *Id.* Nevertheless, on July 9, in two separate declarations purportedly executed in different cities on the same day, Mr. VaughnPerling stated—contrary to the Court's order, *see* Dkt. 11—that he "was not served" with the Subpoena. Dkt. 12, ¶ 1; Dkt. 13, ¶ 1.

To allow for time to investigate Mr. VaughnPerling's statements, on July 26, 2019, Movants moved to extend the briefing schedule and continue the contempt hearing. *See* Dkt. 17. On July 26, the Court granted the motion, setting the date for the contempt hearing as September 30, and extending the deadline for Movants to file a motion for contempt to September 3. *See* Dkt. 19. Since obtaining that order, Movants have investigated Mr. VaughnPerling's statements and sought to resolve the dispute concerning the Subpoena without further court involvement. In particular, Movants have sought information from witnesses to determine if Mr. VaughnPerling was personally served with the Subpoena, and engaged in communications with Mr. VaughnPerling in an effort to persuade him to comply with the Subpoena.

///

---

[1] Counsel for Movants learned on July 12, 2019 that the letter, which was sent by certified U.S. mail to Mr. VaughnPerling's address, was returned by the U.S. Postal Service as "UNCLAIMED UNABLE TO FORWARD," apparently because no one was home to accept delivery.

## III. ARGUMENT

To provide Movants with time to continue to investigate Mr. VaughnPerling's statements regarding the validity of personal service, Movants respectfully request that the Court (1) extend the contempt briefing schedule set forth in the July 26, 2019 order by an additional 13 days, and (2) continue the contempt hearing scheduled for September 30, 2019, by 14 days.  *See* Dkt. 19.  The Court has discretion to decide whether a briefing schedule should be extended or a hearing should be continued.  *See Cusano v. Klein*, 485 F. App'x 175, 177 (9th Cir. 2012); *see also Rees v. Souza's Milk Transp. Co.*, No. 05-CV-00297-LJO (SMS), 2008 WL 276574, at *3 (E.D. Cal. Jan. 30, 2008) (continuing hearing based on "discretion to control" docket and "conserve the resources of the Court and the parties").  Although the existence of good cause is sufficient to extend a briefing schedule or continue a hearing, *see, e.g.*, *Beecham v. City of W. Sacramento*, No. 07-CV-0115 JAM (EFB), 2009 WL 1120030, at *1 (E.D. Cal. Apr. 24, 2009); *Clark v. Time Warner Cable*, No. 07-CV-1797 VBF (RCX), 2007 WL 1334965, at *1 (C.D. Cal. May 3, 2007), it is not required, *see Smith v. Levinson*, No. 12-CV-1511 AG (ANx), 2013 WL 12153548, at *1 (C.D. Cal. Nov. 27, 2013) ("Although good cause may be lacking, the request to continue the hearing on the Order to Show Cause is GRANTED.").

Here, good cause exists for the Court to exercise its discretion and further continue the hearing and the briefing schedule on Movant's motion to hold Mr. VaughnPerling in contempt of the Court's July 8, 2019 order.  Indeed, Movants have diligently attempted to settle this dispute with Mr. VaughnPerling outside of court, while simultaneously investigating Mr. VaughnPerling's claim that he was not served.  *Cf. Lotter v. Nat'l Mktg., Inc.*, No. 08-CV-1093 JVS (MLGx), 2012 WL 12888543, at *2 (C.D. Cal. June 15, 2012) (finding good cause to amend Rule 16 scheduling order on grounds that party seeking amendment was diligent). Although Movants have not yet fully exhausted their efforts on these fronts, Movants intend to do so over the next two weeks, and believe that a two-week extension could obviate the need for additional briefing and for a contempt hearing.  Avoiding such proceedings would promote judicial economy by saving both the Court and the parties from wasting additional resources.

Further, granting the motion would not prejudice Mr. VaughnPerling, but rather would provide him with an additional opportunity to comply with the Subpoena and avoid contempt. *Cf. Cusano*, 485 F. App'x at 177 (showing of prejudice required to reverse district court's decision on continuance).

## IV. CONCLUSION

For the foregoing reasons, Movants respectfully request that the Court continue the contempt hearing scheduled for September 30, 2019, to October 14, with the following briefing schedule: motion due by September 16, opposition due by September 23, and reply due by September 30.

Dated: August 28, 2019

BOIES SCHILLER FLEXNER LLP

*/s/ Maxwell V. Pritt*
Maxwell V. Pritt (SBN 253155)
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone: (415) 293-6800
Facsimile: (415) 293-6899
mpritt@bsfllp.com

K. Luan Tran (SBN 193808)
725 South Figueroa Street, 31st Floor
Los Angeles, CA 90017
Telephone: (213) 629-9040
Facsimile: (213) 629-9022
ltran@bsfllp.com

*Counsel for Ira Kleiman, as Personal Representative of the Estate of David Kleiman, and W&K Info Defense Research, LLC*

**CERTIFICATE OF SERVICE**

At the time of service I was over 18 years of age and **not a party to this action.** My business address is 44 Montgomery Street, 41st Floor, San Francisco, California 94104.

On August 28, 2019, I served the following documents:

**NOTICE OF MOTION AND MOTION FOR SECOND EXTENSION OF TIME FOR MOVANTS TO SEEK CONTEMPT ORDER**

I served the documents on the **person(s)** below, as follows:

**JOSEPH VAUGHN PERLING**
**P.O. BOX 4135**
**MALIBU, CA  90264**

The documents were served pursuant to Fed. R. Civ. P. 5(b) by the following means:

| ☒ | **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed above and:<br><br>☐ deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.<br><br>☒ placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. |
|---|---|
| ☐ | **By United States Certified or Registered mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed above outside California. The package was:<br><br>☐ deposited the sealed envelope with the United States Postal Service, first class mail, with the postage fully prepaid, requiring a return receipt, Article No. _____.<br><br>☐ placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope, first class mail, with the postage fully prepaid, requiring a return receipt, Article No. _____. |

I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.  I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Certificate of Service is true and correct.

Date: August 28, 2019          *By:* _____
                                          Malika Amaru