1 | **BOIES SCHILLER FLEXNER LLP**
K. LUAN TRAN (SBN 193808)
2 | 725 South Figueroa Street, 31st Floor
Los Angeles, CA 90017
3 | Telephone:  (213) 629-9040
Facsimile:   (213) 629-9022
4 | ltran@bsfllp.com

5 | MAXWELL V. PRITT (SBN 253155)
44 Montgomery Street, 41st Floor
6 | San Francisco, CA 94104
Telephone:   (415) 293-6800
7 | Facsimile:    (415) 293-6899
mpritt@bsfllp.com
8 |
*Counsel for Ira Kleiman, as Personal*
9 | *Representative of the Estate of David Kleiman,*
*and W&K Info Defense Research, LLC*

10 |

11 | **UNITED STATES DISTRICT COURT**

12 | **CENTRAL DISTRICT OF CALIFORNIA**

13 | **WESTERN DIVISION**

14 |

15 | IN RE SUBPOENA TO JOSEPH
VAUGHN PERLING
16 |

17 | IRA KLEIMAN, as the personal
representative of the Estate of David
Kleiman, and W&K INFO DEFENSE
18 | RESEARCH, LLC,

19 |                    Plaintiffs,

20 |          v.

21 | CRAIG WRIGHT,

22 |                    Defendant.

23 |

24 |

Misc. Case No. 2:19-MC-00083-CAS-E

Underlying Litigation:
Case No. 9:18-cv-80176-BB
United States District Court
Southern District of Florida

**NOTICE OF MOTION AND MOTION
FOR SECOND ORDER COMPELLING
COMPLIANCE WITH SUBPOENA**

Judge:   Christina A. Snyder
Date:     October 21, 2019
Time:     10:00 a.m.
Place:    Courtroom 8D, 8th Floor

---

MOTION FOR SECOND ORDER COMPELLING
COMPLIANCE WITH SUBPOENA

Case No. 2:19-MC-00083-CAS-E

## NOTICE OF MOTION AND MOTION FOR SECOND ORDER COMPELLING COMPLIANCE WITH SUBPOENA

PLEASE TAKE NOTICE THAT Ira Kleiman, as personal representative of the Estate of David Kleiman, and W&K Info Defense Research, LLC (together, "Movants") hereby move for an amended order requiring Joseph VaughnPerling to comply with a document subpoena issued by the United States District Court for the Southern District of Florida on February 25, 2019 (the "Subpoena").  Alternatively, Movants seek an order authorizing Movants to serve a new subpoena by means of alternative service on Mr. VaughnPerling.  This motion is supported by the attached Memorandum of Points and Authorities and Declaration of Maxwell V. Pritt, and is noticed for hearing on October 21, 2019, before the Honorable Christina Snyder at the First Street Courthouse, 350 W. First Street, Courtroom 8D, 8th Floor, Los Angeles, CA 90012.

Dated: September 16, 2019

BOIES SCHILLER FLEXNER LLP

 /s/ Maxwell V. Pritt
Maxwell V. Pritt
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone:  (415) 293-6800
Facsimile:  (415) 293-6899
mpritt@bsfllp.com

K. Luan Tran
725 South Figueroa Street, 31st Floor
Los Angeles, CA 90017
Telephone:  (213) 629-9040
Facsimile:   (213) 629-9022
ltran@bsfllp.com

*Counsel for Ira Kleiman, as Personal Representative of the Estate of David Kleiman, and W&K Info Defense Research, LLC*

MOTION FOR SECOND ORDER COMPELLING
COMPLIANCE WITH SUBPOENA

Case No. 2:19-MC-00083-CAS-E

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

This action arises out of Joseph VaughnPerling's repeated refusal to comply with a subpoena issued by the United States District Court for the Southern District of Florida on February 25, 2019 (the "Subpoena") and this Court's July 8, 2019 order compelling him to do so.  The Subpoena required Mr. VaughnPerling to produce certain documents relevant to Movants' lawsuit in Florida by March 27, 2019.  *Nearly six months later*, despite this Court's July 8 order, Mr. VaughnPerling has still not complied, and he is now in violation of the July 8 order.

After the Court's July 8 order, Mr. VaughnPerling has asserted that Movants did not personally serve him with the Subpoena.[1]  To assess this contention, Ira Kleiman, as the personal representative of the Estate of David Kleiman, and W&K Info Defense Research, LLC (together, "Movants") have attempted to obtain clarification from Mr. VaughnPerling and to resolve any dispute concerning the Subpoena outside of court.  Yet Mr. VaughnPerling— who indisputably has actual knowledge *and* possession of the Subpoena—has been uncooperative, refusing to accept service or otherwise discuss the Subpoena.  Accordingly, Movants seek an order compelling Mr. VaughnPerling to comply with the Subpoena, notwithstanding his assertion that he has not been personally served.  Alternatively, Movants seek an order authorizing Movants to serve a new subpoena on Mr. VaughnPerling by mail and email.

### II. BACKGROUND

As explained in Movants' Motion to Compel, *see* Dkt. 1, at 2, the Subpoena was issued to Mr. VaughnPerling on February 25, 2019 by the United States District Court for the Southern District of Florida in connection with ongoing litigation filed in that district by Movants.  *Id.*  It required Mr. VaughnPerling to produce documents to Movants' counsel's

---

[1] Movants assume for purposes of this Motion that the person claiming to be Mr. VaughnPerling and asserting that Mr. VaughnPerling was not personally served is in fact Mr. VaughnPerling.

office in Los Angeles by March 27, 2019, and, based on information provided by Movants'
process server, Movants believe Mr. VaughnPerling was properly served with the Subpoena on
March 20, 2019 at 4908 Calle Robleda in Agoura Hills, California. *Id.* Mr. VaughnPerling,
however, did not produce any documents or otherwise respond to the Subpoena by March 27.
*Id.* at 3.

Consequently, on May 23, 2019, counsel for Movants sent a letter to Mr.
VaughnPerling requesting that he (or his counsel, if any) respond to the Subpoena by June 3,
2019. *Id.* Movants' counsel did not receive a response. *Id.*[2] As a result, on June 5, 2019,
Movants filed a motion to compel Mr. VaughnPerling to comply with the Subpoena. *See
generally id.*

On July 8, 2019, the Court granted the motion. Specifically, the Court held that "the
Subpoena is valid and was properly served on [Mr. VaughnPerling] in compliance with Federal
Rule of Civil Procedure 45," and that Mr. VaughnPerling "violated the Subpoena and waived
any objections by doing so." Dkt. 11 at 2. The Court ordered Mr. VaughnPerling to comply
with the Subpoena by July 22, *id.*, and, in the event that he failed to do so, authorized Movants
to "seek a contempt order from this Court by filing a motion on or before July 26, 2019," Dkt.
10.

On July 9, 2019, two largely identical declarations that were purportedly signed by Mr.
VaughnPerling and mailed to the Court were filed on the docket. *See* Dkts. 12, 13.[3] The first
declaration, which was purportedly executed in and mailed from Los Angeles on June 30,
2019, stated that Mr. VaughnPerling "was not served with any process of the Court," and
speculated that the "process server served [his] ex-wife's current paramour." Dkt. 12.
Notably, no return address was provided. The second declaration, which contained identical
typewritten text and was purportedly also signed by Mr. VaughnPerling, was executed on the

---

[2] Counsel for Movants learned for the first time on July 12, 2019 that the letter, which was sent
by certified U.S. mail to 4908 Calle Robleda, was returned by the U.S. Postal Service as
"UNCLAIMED UNABLE TO FORWARD," apparently because no one was home to accept
delivery.
[3] Although the docket entries reflect that the declarations were filed on July 3 and July 5, 2019,
the text of the docket entries reflect that they were not entered on the docket until July 9, 2019.

MOTION FOR SECOND ORDER COMPELLING                    Case No. 2:19-MC-00083-CAS-E
COMPLIANCE WITH SUBPOENA

1   same day as the other declaration, June 30, 2019—but executed in and mailed from Santa Ana

2   instead of Los Angeles.  *See* Dkt. 13.  This declaration included a Malibu P.O. Box as a return

3   address.

4          The next day, July 10, 2019, counsel for Movants received an email from

5   p00r_trad3r@yahoo.com.  The email stated, "No subpoena has yet been served on Joseph

6   VaughnPerling in regards the Kleiman v Wright case," and claimed to attach "copies of

7   declarations to this effect."  September 16, 2019 Declaration of Maxwell V. Pritt ("Pritt

8   Decl."), Ex. 1.  The email attached three declarations, but only one was signed.  That

9   declaration was purportedly signed by a woman named Victoria Vaughn, who Movants believe

10  may be Mr. VaughnPerling's former spouse.  The declaration states that the Subpoena was

11  delivered to Ms. Vaughn's home at 4908 Calle Robleda, that Mr. VaughnPerling "does not

12  own 4908 Calle Robleda," and that, "[t]o the best of [her] knowledge, [Mr. VaughnPerling] has

13  not been to 4908 Calle Robleda since 2017."  Pritt Decl., Ex. 2.  Another declaration,

14  purportedly from a man named Bryan Wilson Stokes, claimed that Mr. Stokes "lived at 4908

15  Calle Robleda" and has "received mail and still receive[s] mail" at that address.  Pritt Decl.,

16  Ex. 3.  The declaration further states that Mr. Stokes "did communicate with JOSEPH

17  VAUGHNPERLING letting him know that some mail came for him to 4908 Calle Robleda

18  that looked like official papers was from some lawyers and he instructed [Mr. Stokes] to give

19  anything that comes to Victoria as [Mr. VaughnPerling] does not receive any mail at that

20  address."  *Id.*

21         On July 17, 2019, counsel for Movants responded to the email, notifying Mr.

22  VaughnPerling of the Court's July 8, 2019 order and attaching that order.  Pritt Decl., Ex. 4.

23  Counsel for Movants also attached the Subpoena (even though, as noted in the email, it was

24  clear that Mr. VaughnPerling had the Subpoena in his possession), and requested that Mr.

25  VaughnPerling "accept service by email."  *Id.*  If he agreed to do so by July 19, counsel for

26  Movants offered to dismiss these proceedings.  *Id.*  Mr. VaughnPerling did not respond by that

27  date.

28

MOTION FOR SECOND ORDER COMPELLING
COMPLIANCE WITH SUBPOENA
                                             Case No. 2:19-MC-00083-CAS-E

1     Mr. VaughnPerling also did not comply with the Subpoena by July 22, despite

2  possessing both the Subpoena and the Court's order that he comply with it by July 22.  Instead,

3  on July 23, 2019, Mr. VaughnPerling sent another email to Movants' counsel, stating that "Mr.

4  VaughnPerling wishes to express thanks to [counsel for Movants] for acknowledging via email

5  that service has not yet been performed,[4] and further thanks for [counsel for Movant]'s offers

6  to Mr. VaughnPerling regarding accepting service, which will be considered."  Pritt Decl., Ex.

7  5.  The email also attached a letter dated July 14, 2019, which was addressed to the Honorable

8  Christina A. Snyder.  The letter stated, "Please reconsider the [motion to compel] in light of the

9  declarations I have provided to the court and counsel."  Pritt Decl. Ex. 6.  It is unclear whether

10  Mr. VaughnPerling mailed the letter to the Court as it does not appear on the docket.  The letter

11  does not state when Mr. VaughnPerling first became aware of the Subpoena or when he

12  received it.

13     Because Mr. VaughnPerling—in violation of the Court's July 8 order—failed to

14  comply with the Subpoena by July 22, Movants were authorized by that order to move for

15  contempt on July 26, 2019.  *See* Dkt. 10.  Instead of seeking to hold Mr. VaughnPerling in

16  contempt on July 26, Movants sought an extension from this Court to investigate whether Mr.

17  VaughnPerling's claim regarding service had any merit.  *See* Dkt. 17, at 2.  The Court granted

18  the motion and provided Movants until September 3 to file a motion for contempt.  *See* Dkt.

19  19.  On August 28, Movants sought a second extension, *see* Dkt. 23, which was granted by the

20  Court on September 3, *see* Dkt. 24, and provided Movants until September 16 to move for

21  contempt.

22     Movants have used the past several weeks to investigate whether Mr. VaughnPerling

23  was in fact personally served with the Subpoena, as this Court has already held.  Movants have

24  been unable to determine, however, the exact manner in which Mr. VaughnPerling came to

25

26  _____

   [4] Mr. VaughnPerling's assertion that counsel for Movants "acknowledge[ed] via email that
27  service has not yet been performed" is grossly inaccurate.  Instead, counsel for Movants stated,
   "While it's clear from the documents you attached to your email below that you have the
28  subpoena we served in your possession, I have attached a copy of the subpoena to this email."
   Pritt Decl., Ex. 4.

MOTION FOR SECOND ORDER COMPELLING                    Case No. 2:19-MC-00083-CAS-E
COMPLIANCE WITH SUBPOENA

possess and learn of the Subpoena, and cannot rule out personal service. *See* Pritt Decl. ¶ 11. Moreover, despite Mr. VaughnPerling's promise to "consider[]" accepting service via email, *see* Pritt Decl., Ex. 5, Movants have not received any further communications from him, *see* Pritt Decl. ¶ 10.

## III.   ARGUMENT

The Court should issue a second order compelling Mr. VaughnPerling to respond to the Subpoena in full and without objection, notwithstanding Mr. VaughnPerling's belated assertion that he was never personally served. Even if he had not been personally served, Mr. VaughnPerling has actual knowledge and possession of the Subpoena and has persistently sought to evade personal service, despite Movants' best efforts. Alternatively, Movants request that the Court issue an order authorizing service of new subpoenas via email and U.S. mail.

*First*, the Court already held that "the Subpoena is valid and was properly served on Joseph Vaughn Perling in compliance with Federal Rule of Civil Procedure 45." Dkt. 11, at 2. Mr. VaughnPerling's disagreement with that holding does not invalidate it. *See Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1411 (9th Cir. 1990) ("Disagreement with the court is not an excuse for failing to comply with court orders."); *see also Am. Unites for Kids v. Lyon*, No. CV 15-2124 PA (AJWx), 2015 WL 9412099, at *8 (C.D. Cal. Dec. 21, 2015) (imposing sanctions on party for noncompliance with orders with which party disagreed); *Chih-Cheng Tsao v. Cty. of L.A., Office of Assessor*, No. CV 09-1268-JST(CWx), 2011 WL 1532331, at *5 (C.D. Cal. Mar. 30, 2011) (same).[5]

*Second*, Mr. VaughnPerling has waived any objection that he may have had to the manner in which he was served. "Where a party has actual notice, failure to make a timely objection waives insufficiency of service." *Kwong Mei Lan Mirana v. Battery Tai-Shing Corp.*, No. C 08-80142 MISC. JF (RS), 2009 WL 290459, at *2 (N.D. Cal. Feb. 5, 2009); *see*

---

[5] Movants incorporate by reference the arguments from their initial Motion to Compel Compliance with the Subpoena that (1) the Subpoena is valid, (2) the Court has jurisdiction over disputes concerning the Subpoena, and (3) a motion to compel is proper here. *See* Dkt. 1, at 3-6.

MOTION FOR SECOND ORDER COMPELLING                Case No. 2:19-MC-00083-CAS-E
COMPLIANCE WITH SUBPOENA

1    *also E&J Gallo Winery v. EnCana Energy Servs., Inc.*, No. CVF03-5412AWI LJO, 2005 WL

2    3710352, at *4 (E.D. Cal. Aug. 15, 2005) (magistrate judge "correctly concluded" that party

3    was "provided with actual timely notice of [a] deposition and waived any right to service of

4    notice by any other means by failing to make timely objection").  According to Mr.

5    VaughnPerling, after Victoria Vaughn received the Subpoena at the address where Movants'

6    process server left it (4908 Calle Robleda, Agora Hills, CA 91301), Ms. Vaughn's "paramour,"

7    Mr. Stokes, notified Mr. VaughnPerling about the Subpoena.  *See* Pritt Decl., Ex. 2 (subpoena

8    delivered to Ms. Vaughn's home); Pritt Decl., Ex. 3 (Mr. Stokes notified Mr. VaughnPerling).

9    But Mr. VaughnPerling did not object to service until mid-July, long *after* the deadline for

10   compliance had passed and *after* the Court ordered him to comply with the Subpoena.  *See*

11   *E&J Gallo Winery*, 2005 WL 3710352, at *2-4 (insufficiency of service waived where party

12   received deposition notice via email and did not object to manner of service until day before

13   deposition).

14       *Third*, even if Movants' process server was mistaken and did not in fact personally

15   serve Mr. VaughnPerling, it does not establish that service was inadequate under Federal Rule

16   of Civil Procedure 45.  Although "[t]he Ninth Circuit has not ruled whether Rule 45 requires

17   personal service," courts in the Central District of California have held that service is adequate

18   if (1) "the party requesting the accommodation diligently attempted to effectuate personal

19   service," and (2) the subpoena was served by means "reasonably designed to ensure actual

20   receipt."  *Chambers v. Whirlpool Corp.*, No. 11-CV-1733 FMO (JCGx), 2016 WL 9451361, at

21   *2 (C.D. Cal. Aug. 12, 2016); *but see Performance Credit Corp. v. EMC Mortg. Corp.*, No. 07-

22   CV-383 DOC (RNBx), 2009 WL 10675694, at *2 (C.D. Cal. Apr. 16, 2009) (noting "division

23   of authority" with respect to whether personal service of subpoena is required).  For example,

24   in *Chambers*, the court granted a motion to compel compliance with a subpoena where the

25   "[p]laintiffs' process server attempted personal service at least three times," the subpoenaed

26   person was "aware of" and "received the Rule 45 subpoena," and the plaintiffs ultimately

27   emailed the subpoena to the subpoenaed person.  2016 WL 9451361, at *3; *see also*

28

-7-

*Performance Credit Corp.*, 2009 WL 10675694, at *2-3 (denying motion to quash subpoena that was not personally served where compelled person was "attempting to avoid and evade service of process").

       Here, even if Mr. VaughnPerling was not personally served, service was adequate. Movants have diligently attempted to serve Mr. VaughnPerling by retaining a process server to personally serve him and by subsequently mailing and emailing the Subpoena to him. Movants even attempted to get Mr. VaughnPerling to accept service, but, to date, he has refused. Furthermore, the Subpoena was served by means that were reasonably designed to ensure receipt: the Subpoena was *personally delivered* to Mr. VaughnPerling's last known address; *mailed* the Subpoena to Mr. VaughnPerling at the P.O. Box he wrote as a return address on the envelope for one of the declarations he mailed to the Court; and *emailed* the Subponea to Mr. VaughPerling in response to an email he sent to Movants. *Cf. In re Hernandez*, No. 12-BK-47099 RK, 2017 WL 6033409, at *5 (Bankr. C.D. Cal. Dec. 5, 2017) ("Courts have found that generally 'mailing a notice to a party's last-known address is "reasonably calculated" to provide actual notice.'") (citations omitted); *Liberty Media Holdings, LLC v. March*, No. 10-CV-1809 WQH (BLM), 2011 WL 197838, at *2 (S.D. Cal. Jan. 20, 2011) (finding that "service by delivering the summons and Complaint to Defendants' last known valid email address [was] 'reasonably calculated, under all the circumstances, to apprise [Defendants] of the pendency of the action and afford them an opportunity to present their objections'") (citations omitted). And these means were successful. At the very least, Mr. VaughnPerling sent Movants a declaration from Bryan Stokes that states Mr. Stokes told him about the Subpoena, *see* Pritt Decl., Ex. 3, and he acknowledged receipt of the Subpoena via email, *see* Pritt Decl., Ex. 5.

       Because it is clear that Mr. VaughnPerling has received the Subpoena (many times now) and that his challenge is based on "procedural technicalities," requiring Movants to re-serve the Subpoena "would elevate form over substance and fly in the face of securing 'the just, speedy, and inexpensive determination of every action and proceeding.'" *Ellis-Hall*

MOTION FOR SECOND ORDER COMPELLING
COMPLIANCE WITH SUBPOENA
       Case No. 2:19-MC-00083-CAS-E

*Consultants, LLC v. Hoffmann*, No. 12-CV-00771, 2018 WL 4215114, at *3 (D. Utah Sept. 4, 2018) (quoting Fed. R. Civ. P. 1); *see also BNSF Ry. Co. v. Alere, Inc.*, No. 18-CV-291 BEN (WVG), 2018 WL 2267144, at *4-6 (S.D. Cal. May 16, 2018) (endorsing *Bland v. Fairfax Cty., Va.*, 275 F.R.D. 466 (E.D. Va. 2011), which held that "categorically" prohibiting non-personal service of subpoenas would "violate Rule 1").  Worse, requiring Movants to re-serve the Subpoena would reward Mr. VaughnPerling's evasive and uncooperative conduct clearly designed to avoid service—he has refused to accept service by email and continues to hide his whereabouts, submitting two declarations that he purportedly executed on the same day in different cities with only a P.O. box as a return address (that's found on only one of the envelopes mailed to the Court).  *See Wells Fargo Bank NA v. Wyo Tech Inv. Grp. LLC*, No. CV-17-04140-PHX-DWL, 2019 WL 3208114, at *3 (D. Ariz. July 16, 2019) (allowing non-personal service, where compelled person was "playing games in an effort to evade service").  Accordingly, Movants request that the Court issue an order affirming its prior order Mr. VaughnPerling was properly served under Rule 45, whether that service was effected by hand delivery, U.S. mail, or email, and require Mr. VaughnPerling to comply with the Subpoena without objection.

If the Court is unwilling to so order, or to enforce its prior order holding that the Subpoena was properly served pursuant to Rule 45, Movants respectfully request that the Court authorize non-personal service of process on Mr. VaughnPerling.  As discussed above, courts in this District have permitted service of subpoenas by means other than personal service, especially where, like here (*see supra*), the party seeking to serve the subpoena has diligently attempted to personally serve it and the means of alternative service are reasonably calculated to achieve actual notice.  *See Chambers*, 2016 WL 9451361, at *2.  Even assuming that Mr. VaughnPerling was not in fact personally served with the Subpoena, contrary to the Court's July 8, 2019 order, his evasive conduct suggests that personally serving Mr. VaughnPerling will be near impossible.  *See Performance Credit Corp.*, 2009 WL 10675694, at *2-3 (non-personal service of subpoena proper, where compelled person was "attempting to avoid and

MOTION FOR SECOND ORDER COMPELLING
COMPLIANCE WITH SUBPOENA

Case No. 2:19-MC-00083-CAS-E

1  evade service" and achieving "personal 'hand-to-hand' service" seemed "unlikely").

2  Accordingly, if the Court reconsiders its July 8, 2019 order and determines that the Subpoena

3  has not been properly served under Rule 45 in light of the two declarations submitted by Mr.

4  VaughnPerling, the Court should, consistent with Rule 1, authorize Movants to serve Mr.

5  VaughnPerling by email (to the email address that Mr. VaughnPerling used to communicate

6  with Movants) and by U.S. mail (to the Malibu return address on the envelope that he used to

7  mail one of his declarations to the Court).  *See Wells Fargo*, 2019 WL 3208114, at *2-3

8  (authorizing non-personal service where subpoenaed person was "playing games in an effort to

9  evade service").

10 **IV.    CONCLUSION**

11        For the foregoing reasons, Movants respectfully request that the Court issue a second

12 order compelling Mr. VaughnPerling to comply with the Subpoena without objection.

13 Alternatively, Movants request that the Court authorize Movants to serve Mr. VaughnPerling

14 by email to p00r_trad3r@yahoo.com, and by U.S. mail to Post Office Box 4135, Malibu, CA

15 90264.

16 Dated: September 16, 2019                    BOIES SCHILLER FLEXNER LLP

17                                               */s/ Maxwell V. Pritt*

18                                              Maxwell V. Pritt
                                                44 Montgomery Street, 41st Floor
19                                              San Francisco, CA 94104
                                                Telephone:  (415) 293-6800
20                                              Facsimile:  (415) 293-6899
                                                mpritt@bsfllp.com
21

22                                              K. Luan Tran
                                                725 South Figueroa Street, 31st Floor
23                                              Los Angeles, CA 90017
                                                Telephone:  (213) 629-9040
24                                              Facsimile:   (213) 629-9022
                                                ltran@bsfllp.com
25

26                                              *Counsel for Ira Kleiman, as Personal*
                                                *Representative of the Estate of David*
27                                              *Kleiman, and W&K Info Defense*
                                                *Research, LLC*
28

-10-

**CERTIFICATE OF SERVICE**

At the time of this service I was over 18 years of age and **not a party to this action**. My business address is 44 Montgomery Street, 41st Floor, San Francisco, California 94104.

On September 16, 2019, I served the following documents:

**MOTION FOR SECOND ORDER COMPELLING
COMPLIANCE WITH SUBPOENA**

I served the documents on the **person(s)** below, as follows:

**JOSEPH VAUGHN PERLING
P.O. BOX 4135
MALIBU, CA 90264**

The documents were served pursuant to Fed. R. Civ. P. 5(b) by the following means:

☑ **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed above and:

☐ deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

☑ placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.  I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Certificate of Service is true and correct.

Date: September 16, 2019             *By:* _____

                                            Malika Amaru

-11-