ROBERT C. BUSCHEL, Bar No. 269354
Buschel@BGlaw-pa.com
BUSCHEL GIBBONS, P.A.
One Financial Plaza, Suite 1300
Fort Lauderdale, FL 33394
Telephone: (954) 530-5301
Facsimile: (954) 320-6932

Attorneys for Third Party

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| IN RE SUBPOENA TO JOSEPH VAUGHNPERLING<br>_____ | Misc. Case No. 2:19-mc-0083<br><br>Underlying Litigation:<br>Case No. 9:18-cv-80176-BB<br>United States District Court<br>Southern District of Florida |
| IRA KLEIMAN as the personal Representative of the Estate of David Kleiman, and W&K Info Defense Research, LLC.<br><br>    Plaintiffs,<br><br>    v.<br><br>CRAIG WRIGHT,<br><br>    Defendant.<br>---------------------------------------------\| | |

**THIRD PARTY JOSEPH VAUGHN PERLING'S RESPONSE TO
MOTION FOR COMPLIANCE**

Third party, JOSEPH VAUGHN PERLING, files this response to the movant's motion compelling compliance.

It is unclear from the filings whether movant still seeks contempt sanctions against Vaughn Perling. Assuming that movant still seeks contempt as a sanction, the Court must deny that motion for lack of service. Seeking contempt is not an option for movant since it did not serve the third party. Rule 45(g) states:

> (g) Contempt. The court for the district where compliance is required — and also, after a motion is transferred, the issuing court — may hold in contempt a person who, **having been served**, fails without adequate excuse to obey the subpoena or an order related to it.

(emphasis added).

A subpoena under Rule 45 applies to a nonparty. It obligates the nonparty to appear at the scheduled deposition at pain of being held in contempt. *Sali v. Corona Reg'l Med. Ctr.,* 884 F.3d 1218, 1224 (9th Cir. 2018). None of the other sanctions available under Rule 37 are available against the nonparty. *Id.* And the standard for a contempt finding differs from a Rule 37 sanction. The court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." *Id.* (citing Fed. R. Civ. P. 45(g)).

The party moving for contempt has the burden to establish by clear and convincing evidence that the contemnor has violated a clear and specific court order. *Bademyan v. Receivable Management Services Corp.,* 2009 WL 605789 (C.D.Cal.2009). *See also Wolfard Glassblowing Co. v. Vanbragt,* 118 F.3d 1320, 1322 (9th Cir.1997). The Ninth Circuit has held that prior to finding a third party in contempt of court for failing to produce documents in response to a subpoena duces tecum, the third party must be given an opportunity to show adequate excuse for its noncompliance. *United States v. Roberson*, CR 09-0523 WHA, 2010 WL 334810, at *1 (N.D. Cal. Jan. 22, 2010); *Fremont Energy Corp. v. Seattle Post Intelligencer,* 688 F.2d 1285, 1287 (1982).

Movant claims the Court found the subpoena was validly issued. Dkt. #11 at 2. Perhaps issued, but not served upon Vaughn Perling. This Court was not aware of the declaration filed by Vaughn Perling before the Court ruled it was properly served. The Court should also consider for a moment that Movant's provided an affidavit of service by its process server who claims he served Vaughn Perling because he assumed it was Vaughn Perling, without asking the question: "Are you Mr. Vaughn Perling?"

Movant also assumes that Vaughn Perling has knowledge and possession of the subpoena.

This is not proven. Movant is making assumptions that Vaughn Perling has received or read documents that movant has emailed back to an address. Movant's failure to serve is not evidence that Vaughn Perling sought to evade personal service.

Movant, furthermore, mischaracterizes Vaughn Perling's non-response to the unserved subpoena as a "disagreement" with the Court. The Court was under the assumption that Mr. Vaughn Perling was served. It is evident he was not served; therefore, the movant's citation to authority regarding disagreement with the Court is misplaced. Furthermore, Vaughn Perling is not a party to this action, he is a third party. He has not been served with a Rule 45 subpoena as required. Therefore, any waiver of rights that may apply to parties, do not apply to third parties. Lastly, Vaughn Perling did object, he advised the court that he was not served with the subpoena. Therefore, Vaughn Perling cannot be held in contempt or be required to comply with a subpoena in which he has not been served.

Alternatively, Movants seek an order authorizing Movant to serve a new subpoena on Mr. Vaughn Perling by mail and email. Counsel has been retained for the limited purpose of filing a response to the motion for contempt and motion compelling compliance with the unserved subpoena. Vaughn Perling is a private person who will follow the law and nothing more. He advised the Court that he was not served and his ex-wife provided a declaration supporting that fact. His response to these motions does not tacitly admit that he is now served or could be served by methods other than by service of process. There is no evidence he has evaded service. Movant likely served a man living at a former address of Vaughn Perling. A suggestion that movant really tried to communicate via email is also not a ground to make that an alternative form of service under Rule 45.

**Motion for Stay**

The parties to the underlying action in the Southern District of Florida have advised the District Court that the parties are close to settlement and have sought and received a delay in the discovery deadlines. *See* Dkt. #284 Case 9:18-cv-80176-BB (filed 9/17/19) ("The parties have been engaged in extensive settlement negotiations and have reached a non-binding agreement in principle to settle this matter"). The Court granted in part the parties' motion extending some

- 3 -

scheduling deadlines. Dkt. # 286.  Rule 45 also requires that a third party subpoena not overly burden a third party.

Rule 45 (d) Protecting a Person Subject to a Subpoena; Enforcement.

> **(1) Avoiding Undue Burden or Expense; Sanctions**. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

If the parties are indeed near settlement, Vaughn Perling's participation becomes moot. Compelling him to comply with a subpoena in which he has not been served and defending himself about allegations of what he must have read and has actual knowledge of becomes a burden that Rule 45 seeks to avoid. Respectfully, the Court should delay ruling and hearing this matter until October 17, 2019 – 30 days after the parties opine settlement will be complete.

Respectfully submitted,

Robert C. Buschel, Esq.
BUSCHEL GIBBONS, P.A.
100 S.E. Third Avenue, Suite 1300
Fort Lauderdale, Florida  33394
Tele:  954-530-5301

By: __/s/ Robert C. Buschel_____
      ROBERT C. BUSCHEL

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 23, 2019, I electronically filed the foregoing with the Clerk of Court using CM/ECF. I also certify that the foregoing is being served this day on all counsel of record or pro se parties, via transmission of Notices of Electronic Filing generated by CM/ECF.

                BUSCHEL GIBBONS, P.A.

                BY: /s/ Robert Buschel
                ROBERT C. BUSCHEL

BUSCHEL GIBBONS, P.A.
ONE FINANCIAL PLAZA, SUITE 1300
FORT LAUDERDALE, FL 33394
954-530-5301