1    **BOIES SCHILLER FLEXNER LLP**
     K. LUAN TRAN (SBN 193808)
2    725 South Figueroa Street, 31st Floor
     Los Angeles, CA 90017
3    Telephone:  (213) 629-9040
     Facsimile:   (213) 629-9022
4    ltran@bsfllp.com

5    MAXWELL V. PRITT (SBN 253155)
     44 Montgomery Street, 41st Floor
6    San Francisco, CA 94104
     Telephone:   (415) 293-6800
7    Facsimile:    (415) 293-6899
     mpritt@bsfllp.com
8
     Counsel for IRA KLEIMAN, as Personal
9    Representative of the Estate of David Kleiman,
     and W&K INFO DEFENSE RESEARCH, LLC
10
11              **UNITED STATES DISTRICT COURT**

12              **CENTRAL DISTRICT OF CALIFORNIA**

13                    **WESTERN DIVISION**

14

15   IN RE SUBPOENA TO JOSEPH          Misc. Case No. 2:19-MC-00083-CAS-E
     VAUGHN PERLING
16                                     Underlying Litigation:
                                       Case No. 9:18-cv-80176-BB
17   IRA KLEIMAN, as personal          United States District Court
     representative of the Estate of David   Southern District of Florida
18   Kleiman, and W&K INFO DEFENSE
     RESEARCH, LLC,
19                                     **MOVANTS' REPLY BRIEF IN SUPPORT
                  Plaintiffs,          OF MOTION FOR SECOND
20                                     COMPELLING COMPLIANCE WITH
          v.                           SUBPOENA**
21
     CRAIG WRIGHT,
22
                  Defendant.
23
24
25
26
27
28

REPLY BRIEF IN SUPPORT OF MOTION FOR SECOND          Case No. 2:19-MC-00083-CAS-E
ORDER COMPELLING COMPLIANCE WITH SUBPOENA

**MOVANTS' REPLY BRIEF IN SUPPORT OF MOTION FOR SECOND ORDER COMPLIANCE WITH SUBPOENA**

## I.      INTRODUCTION

On June 5, 2019, Ira Kleiman, as the personal representative of the Estate of David Kleiman, and W&K Info Defense Research, LLC (collectively, "Movants") initiated these proceedings to compel Joseph VaughnPerling to comply with a subpoena issued by the United States District Court for the Southern District of Florida on February 25, 2019 (the "Subpoena").  The Court granted Movants' motion and ordered Mr. VaughnPerling to comply with the Subpoena.  (Dkt. 11 at 2; *see* Dkt. 25 at 4.)  Yet Mr. VaughnPerling failed to do so. Instead, he now claims he was never personally served.  (*See* Dkt. 28 at 2-3.)  But he has not properly moved for reconsideration of the Court's order, including its finding that the Subpoena was "properly served."  (Dkt. 11 at 2.)  And even if he had there is no basis for reconsideration—Movants diligently attempted to serve Mr. VaughnPerling personally, he has evaded further attempts at personal service, he has been served with the Subpoena by U.S. mail and email, and he has acknowledged receipt of the Subpoena.  (*See* Dkt. 25 at 3-6.)

Mr. VaughnPerling should not be allowed to continue disregarding the Subpoena, as he has done for several months.  Accordingly, Movants request that the Court affirm its prior order that Mr. VaughnPerling was properly served, whether that service was effected by hand delivery, U.S. mail, or email, and once more order Mr. VaughnPerling to comply with the Subpoena without objection.

## II.     BACKGROUND

The Subpoena was issued in connection with an action pending in the United States District Court for the Southern District of Florida—*Ira Kleiman et al. v. Craig Wright*, Case No. 9:18-cv-80176-BB (the "Florida Action").  On September 11, 2019, the parties to the Florida Action "reached a non-binding settlement in principle."  (*See* Plaintiffs' Expedited Motion to Depose at 1, *Kleiman v. Wright*, No. 9:18-cv-80176-BB (S.D. Fla. Nov. 1, 2019), ECF No. 290 ("Florida Motion").)  Accordingly, on September 17, those parties jointly moved to extend "all discovery and case deadlines" in that action in order to "facilitate" settlement

-1-

discussions.  (*See* Dkt. 29.)  Likewise, in this action, on September 27, Movants and Mr. VaughnPerling jointly moved for "an extension of the deadline for filing the reply brief in support of [Movants'] Motion for Second Order Compelling Compliance with Subpoena (from September 30, 2019, to November 14, 2019), and a continuance of the hearing for that motion (from October 21, 2019, to December 9, 2019)."  (*Id*.)  The Court granted that motion.  (Dkt. 30.)

On October 30, settlement discussions in the Florida Action abruptly collapsed when Movants "were informed [that the defendant] could no longer finance the settlement and was 'breaking' the non-binding settlement agreement."  (Florida Motion at 2.)  As a result, Movants "shift[ed] back into preparing for trial," which is set for March 30, 2020.  (*Id*.)  Because the close of discovery and trial are rapidly approaching, Movants request that the Court order Mr. VaughnPerling to do what he has been obligated to do since March 27, 2019—comply with the Subpoena.

## III.   ARGUMENT

### a.   The Court Should Compel Mr. VaughnPerling to Comply with the Subpoena.

In their Motion for Second Order Compelling Compliance with Subpoena, Movants requested that the Court issue an order compelling Mr. VaughnPerling to comply with the Subpoena, notwithstanding his belated assertion that he was never served.  As Movants have argued, (1) the Court already held that the Subpoena was properly served; (2) regardless, Mr. VaughnPerling has waived any objections to service; and (3) even if Mr. VaughnPerling was not personally served by Movants' process server, service was adequate because (a) Movants have diligently attempted to serve Mr. VaughnPerling using means reasonably calculated to ensure receipt, (b) Mr. VaughnPerling actually received the Subpoena, and (c) declining to compel compliance would elevate form over substance in violation of Federal Rule of Civil Procedure 1 and only serve to reward Mr. VaughnPerling for his evasive conduct.  (*See* Dkt. 25 at 7-11.)

In response, Mr. VaughnPerling argues that he should not be held in contempt.  (*See* Dkt. 28 at 2.)  But Movants do not request contempt—they request an order compelling

REPLY BRIEF IN SUPPORT OF MOTION FOR SECOND          Case No. 2:19-MC-00083-CAS-E
ORDER COMPELLING COMPLIANCE WITH SUBPOENA

compliance.  It is well established that, even where contempt is improper, an order compelling compliance may still be proper.  *See, e.g., Poturich v. Allstate Ins. Co.*, No. EDCV 15-0081-GW (KKx), 2015 WL 12766048, at *2-3 (C.D. Cal. Aug. 11, 2015) (granting motion to compel but denying motion for contempt).  Thus, Mr. VaughnPerling's arguments concerning contempt—even if correct—cannot establish that an order compelling compliance is improper here.

In any event, even if Mr. VaughnPerling had argued that an order compelling compliance was improper in this case, that argument would fail.  Mr. VaughnPerling states that he should not have to comply with the Subpoena because (1) he "advised the court that he was not served with the subpoena," and (2) Movants have "assume[d] that Vaughn Perling has knowledge and possession of the subpoena."  (Dkt. 28 at 2-3.)  But Mr. VaughnPerling's say-so is an insufficient basis for reversing the Court's order and holding that he was not properly served.  *See Fulton v. Robinson*, No. 15-cv-02347-AA, 2016 WL 2864495, at *2 (D. Or. Apr. 21, 2016) ("Plaintiff's assertions that he is a 'non-resident non-person' outside the jurisdiction of the federal courts and 'not bound by . . . federal law' do not deprive this Court of personal jurisdiction over him." (internal citations omitted)).[1]  In any event, contrary to Mr. VaughnPerling's claim, Movants do not merely assume that he has knowledge and possession of the Subpoena.  Instead, Movants base their argument on their counsel's communications with Mr. VaughnPerling (or his representative) and declarations that he submitted to the Court.  (*See* Dkt. 25 at 7-11.)  Those communications demonstrate, among other things, that a man named Bryan Stokes notified Mr. VaughnPerling of the Subpoena, and that Mr. VaughnPerling (or his representative) received the Subpoena via email.  (*See id.*)  He also received it by mail (since it was mailed to the P.O. Box he included on one of the declarations he submitted).  (*Id.* at 4, 9.)

Accordingly, and for the reasons set forth in Movants' Motion, Movants request that the Court affirm its finding that Mr. VaughnPerling was properly served, whether service was

---

[1] Mr. VaughnPerling asserts that Movants "provided an affidavit of service by its process server who claims he served Vaughn Perling because he assumed it was Vaughn Perling, without asking the question:  'Are you Mr. Vaughn Perling?'"  (*See* Dkt. 28, at 2.)  This assertion amounts to nothing more than baseless speculation, and is unsupported by any facts.

effected personally or by U.S. mail or email, and require Mr. VaughnPerling to comply with the Subpoena without objection.

**b.   In the Alternative, the Court Should Authorize Non-Personal Service.**

In the event that the Court decides to reconsider and reverse its prior order compelling Mr. VaughnPerling to comply with the Subpoena at this time, Movants have requested that the Court authorize non-personal service of process of the Subpoena (and future subpoenas in connection with the Florida Action) on Mr. VaughnPerling. (*See* Dkt. 25 at 10-11.) As Movants argued in their Motion, such service is appropriate here because (1) Movants have diligently attempted to serve Mr. VaughnPerling since the Subpoena was issued in February 2019, (2) the proposed means of alternative service are reasonably calculated to achieve actual notice (which, as previously discussed, Mr. VaughnPerling already has), and (3) Mr. VaughnPerling has sought to evade service. (*Id.*) Mr. VaughnPerling does not dispute the first two of those three propositions. Instead, he argues—in conclusory fashion—that "[t]here is no evidence he has evaded service." (Dkt. 28 at 3.) But Mr. VaughnPerling is mistaken. As Movants set forth in their Motion, Mr. VaughnPerling "has refused to accept service by email and continues to hide his whereabouts, submitting two declarations that he purportedly executed on the same day in different cities with only a P.O. box as a return address." (Dkt. 25 at 10.)

Mr. VaughnPerling's other argument—that "[a] suggestion that movant really tried to communicate via email is also not a ground to make that an alternative form of service," (*see* Dkt. 28 at 3)—is no more persuasive. *First*, this argument is based on an incomplete summary of the relevant facts. Movants allege not only that they attempted to communicate with Mr. VaughnPerling via email (who initiated email contact with Movants' counsel), they also allege that they employed a process server to serve Mr. VaughnPerling, that they personally delivered the Subpoena to Mr. VaughnPerling's last known address, that they mailed the Subpoena to the P.O. Box that Mr. VaughnPerling listed as the return address for one of the declarations he mailed to the Court, that Mr. VaughnPerling has refused to accept service by any means, and that Mr. VaughnPerling has submitted declarations that conceal his whereabouts. (*See* Dkt. 25 at 9.)

REPLY BRIEF IN SUPPORT OF MOTION FOR SECOND
ORDER COMPELLING COMPLIANCE WITH SUBPOENA

Case No. 2:19-MC-00083-CAS-E

*Second*, Mr. VaughnPerling cites no case law in support of this argument.  Nor could he. Courts in this district have held that non-personal service of a subpoena is sufficient if the party requesting such service has "diligently attempted to effectuate personal service," and the subpoena was served by means "reasonably designed to ensure actual receipt."  E.g., *Chambers v. Whirlpool Corp.*, No. 11-CV-1733 FMO (JCGx), 2016 WL 9451361, at *2 (C.D. Cal. Aug. 12, 2016).  If anything, Mr. VaughnPerling's statement that Movants "*really tried* to communicate via email" only supports that Movants diligently attempted to effectuate personal service.

## IV.    CONCLUSION

These proceedings—which seek only to get a U.S. citizen to produce responsive documents and communications in compliance with a subpoena issued by a federal court—have been pending for nearly six months.  That subpoena was issued nearly nine months ago, and Mr. VaughnPerling has indisputably known about it for more than four months.  Meanwhile, the trial date in the Florida Action is rapidly approaching.  Mr. VaughnPerling should not be permitted to continue to thwart Movants' investigation and preparation for trial by merely stating that he was "never served" while evading further attempts at service.  For the foregoing reasons, Movants respectfully request that the Court grant their Motion for Second Order Compelling Compliance with Subpoena and order Mr. VaughnPerling to respond to the Subpoena without objection and without delay in producing all responsive documents and communications.


Dated: November 14, 2019                     BOIES SCHILLER FLEXNER LLP


                                             */s/ Maxwell V. Pritt*
                                             Maxwell V. Pritt
                                             K. Luan Tran

                                             Counsel for IRA KLEIMAN, as Personal
                                             Representative of the Estate of David
                                             Kleiman, and W&K INFO DEFENSE
                                             RESEARCH, LLC

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on November 14, 2019, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system. Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery.

Executed on November 14, 2019.

*/s/ Maxwell V. Pritt*
Maxwell V. Pritt

REPLY BRIEF IN SUPPORT OF MOTION FOR SECOND
ORDER COMPELLING COMPLIANCE WITH SUBPOENA

Case No. 2:19-MC-00083-CAS-E