UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-mc-00083-CAS(Ex) | Date | December 2, 2019 |
|---|---|---|---|
| Title | IN RE SUBPOENA TO JOSEPH VAUGHNPERLING [IRA KLEIMAN ET AL. v. CRAIG WRIGHT] | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| N/A | | N/A |

**Proceedings:** PLAINTIFFS' MOTION FOR SECOND ORDER COMPELLING COMPLIANCE WITH SUBPOENA
(Dkt. [ 25], filed September 16, 2019)

## I.  INTRODUCTION AND BACKGROUND

Plaintiffs Ira Kleiman, as personal representative of the Estate of David Kleiman, and W&K Info Defense Research, LLC (collectively, "plaintiffs") filed this action on June 5, 2019, to enforce an out-of-district, third-party subpoena against Joseph VaughnPerling ("VaughnPerling"). Dkt. 1, Motion to Compel Compliance with Subpoena ("First Motion to Compel"). The dispute arises out of VaughnPerling's alleged failure to respond to a subpoena issued by the United States District Court for the Southern District of Florida in Kleiman v. Wright, No. 9:18-cv-80276-BB (S.D. Fla.) ("the Florida action"). Id. at 2.

The Florida action alleges that Craig Wright ("Wright") misappropriated hundreds of thousands of units of Bitcoin cryptocurrency, as well as related intellectual property rights, from plaintiffs. Dkt. 1-1, Exhibit 2, Second Amended Complaint ("Wright Compl.") ¶ 7. On February 25, 2019, the court in the Florida action issued a subpoena ("the Subpoena") to VaughnPerling, a nonparty in the Florida action, to produce documents. Dkt 1-1, Exhibit 1, Plaintiffs' Subpoena for Joseph VaughnPerling ("VaughnPerling Subpoena"). The Subpoena required VaughnPerling to produce these documents to plaintiffs' counsel, located within the Central District of California, by March 27, 2019. Id.

On March 20, 2019, a process server personally served the Subpoena on an individual the server believed to be VaughnPerling at 4908 Calle Robelada, in Agoura Hills, California ("the Agoura Property"). Dkt. 1-1, Exhibit 4. After VaughnPerling failed to produce documents to plaintiffs or otherwise respond to the Subpoena by March 27, 2019, plaintiffs' counsel sent a letter to VaughnPerling at the Agoura Property on May 23,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-mc-00083-CAS(Ex) | Date | December 2, 2019 |
|---|---|---|---|
| Title | IN RE SUBPOENA TO JOSEPH VAUGHNPERLING [IRA KLEIMAN ET AL. v. CRAIG WRIGHT] | | |

2019. Dkt. 1-2, Exhibit 5. The letter, which enclosed the Subpoena as an attachment and was sent to the Agoura Property, requested that VaughnPerling respond by June 3, 2019. Id. at 1. Unbeknownst to plaintiffs' counsel at the time, the United States Postal Service returned the May 23, 2019 letter as "UNCLAIMED UNABLE TO FORWARD" on July 12, 2019. Dkt. 25, Motion for Second Order Compelling Compliance with Subpoena ("Second Motion to Compel") at 3 n.2.

On June 5, 2019, plaintiffs thereafter filed a motion to compel VaughnPerling to comply with the Subpoena and for VaughnPerling to show cause as to why he should not be held in contempt. See generally First Motion to Compel. On July 8, 2019, the Court ordered VaughnPerling to comply with the Subpoena, providing that if VaughnPerling fails to do so, "plaintiffs may seek a contempt order from this Court by filing a motion on or before July 26, 2019, and noticing the hearing for August 12, 2019[.]" Dkt. 10. The Court's order required VaughnPerling to comply with the Subpoena within two weeks. Dkt. 11.

On July 9, 2019, two declarations allegedly executed and signed by VaughnPerling were filed on the Court's docket. See Dkt. 12, 13. In the first declaration, which was signed on June 30, 2019, in Los Angeles, California, an individual representing himself to be VaughnPerling attests that "I do not live at" the Agoura Property, that "I have not been to that address . . . in more than two years," and that "I suspect the process server served my ex-wife's current paramour[.]" Dkt. 12. The first declaration contains no return address and was received by the Clerk of Court on July 3, 2019. Id. In the second declaration, which was signed on June 30, 2019 in Santa Ana, California, an individual representing himself to be VaughnPerling similarly attests that he does not live at the Agoura Property and that he suspects the process server served the "current paramour" of Vaugh Perling's former spouse. Dkt. 13. The second declaration was received by the Clerk of Court on July 5, 2019, and lists a Post Office Box in Malibu, California as the return address. Id.

On July 10, 2019, plaintiffs' counsel received an email from the email address "p00r_trad3r@yahoo.com," which plaintiffs' counsel believed belonged to VaughnPerling Dkt. 25-2. The email states that "[n]o subpoena has yet been served on Joseph VaughnPerling in regards [to] the Kleiman v [sic] Wright case. Please find attached/enclosed copies of declarations to this effect." Id. In the first declaration, a person representing herself to be Victoria Vaughn, VaughnPerling's ex-wife, attests that VaughnPerling does not own the Agoura Property, that VaughnPerling has not been there

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-mc-00083-CAS(Ex) | Date | December 2, 2019 |
|---|---|---|---|
| Title | IN RE SUBPOENA TO JOSEPH VAUGHNPERLING [IRA KLEIMAN ET AL. v. CRAIG WRIGHT] | | |

since 2017, and that "[s]omeone trespassed onto my gated property . . . and left something at my front door . . . that [] was not addressed to me, but to my exhusband[sic]." Dkt. 25-3. In the second declaration, an individual, representing himself to be Bryan Wilson Stokes, attests that he currently resides at the Agoura Property, that he "exactly match[es] the vague physical description made by the process server, but [] was not served personally by the process server," that he has not seen VaughnPerling at the Agoura Property "in more than two years," that he had communicated with VaughnPerling "letting him know that some mail came for him . . . that looked like official papers . . . from some lawyers and [VaughnPerling] instructed me to give anything that comes to [VaughnPerling's ex-wife] as [VaughnPerling] does not receive any mail" at the Agoura Property. Dkt. 25-4.

Plaintiffs' counsel responded to the July 10, 2019 email on July 17, 2019, notifying the individual they believed to be VaughnPerling of the Court's July 8, 2019 order and attaching it for reference. Dkt. 25-5. Plaintiffs' counsel requested that VaughnPerling notify plaintiffs' counsel whether VaughnPerling would agree to accept service of the Subpoena by email, in which case plaintiffs "will agree to dismiss the litigation commenced against you . . . and not seek contempt sanctions." Id. VaughnPerling neither responded to plaintiffs' counsel by July 19, nor complied with the Court's order to respond to the Subpoena by July 22.

On July 23, 2019, "p00r_trad3r@yahoo.com" emailed plaintiffs' counsel, stating that "VaughnPerling wishes to express thanks to [plaintiffs' counsel] for acknowledging via email that service has not yet been performed, and . . . for [the] offers . . . regarding accepting service, which will be considered." Dkt. 25-6. The email also enclosed a letter addressed to the Court, dated July 14, 2019, in which an individual, representing himself to be VaughnPerling, states that "the Court did not have an opportunity to review my declaration when granting the motion to compel." Dkt. 25-7. The letter also requests that Court "[p]lease reconsider the motion in light of the declarations I have provided to the court and counsel." Id. The letter lists a Post Office Box in El Monte, California as the return address. Id.

On July 26, 2019, plaintiffs requested a continuance of the Court's previously-ordered contempt hearing, as well as an extension of the briefing schedule, to investigate VaughnPerling's contentions that he was not served personally with the Subpoena. Dkt. 17-1. The Court granted plaintiffs' request on July 26, 2019, allowing plaintiffs to file a motion for contempt by September 3, 2019. Dkt. 18, 19. Plaintiffs requested an additional

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-mc-00083-CAS(Ex) | Date | December 2, 2019 |
|---|---|---|---|
| Title | IN RE SUBPOENA TO JOSEPH VAUGHNPERLING [IRA KLEIMAN ET AL. v. CRAIG WRIGHT] | | |

extension on August 28, 2019, which the Court granted on September 3, 2019, allowing plaintiffs to file a motion for contempt on or before September 16, 2019. Dkt. 23, 24.

Plaintiffs thereafter filed the present motion for a second order compelling compliance with the Subpoena on September 16, 2019. See Second Motion to Compel. The motion seeks: (1) an amended order requiring VaughnPerling to comply with the Subpoena issued in the Florida action; or (2) in the alternative, an order authorizing plaintiffs to serve a new subpoena by means of alternative service. Id. VaughnPerling filed an opposition on September 23, 2019. Dkt. 28 ("Opp."). Plaintiffs filed a reply on November 14, 2019.[1] Dkt. 31 ("Reply").

On November 19, 2019, the Court vacated the hearing on plaintiffs' motion for a second order compelling compliance, determining that the motion was appropriate for decision without oral argument and taking the matter under submission. Dkt. 32. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II.    LEGAL STANDARD

"Rule 45 of the Federal Rules of Civil Procedure permits a party to issue a subpoena to a nonparty to produce documents and tangible things." Voice Int'l, Inc. v. Oppenheimer Cine Rental, LLC, No. 2:15-cv-08830-JAK-KS, 2016 WL 6674989, at *2 (C.D. Cal. May 3, 2016). The "subpoena must be issued by the court where the underlying action is pending, but challenges to the subpoena are to be heard by the district court encompassing the place where compliance with the subpoena is required." Europlay Capital Advisors, LLC v. Does, 323 F.R.D. 628, 629 (C.D. Cal. 2018) (internal citation and quotation marks omitted). "A subpoena may command . . . production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person[.]" Fed. R. Civ. P. 45(c)(2)(A).

Rule 45(b)(1) provides that "[s]erving a subpoena requires delivering a copy to the named person[.]" Fed. R. Civ. P. 45(b)(1). "The Ninth Circuit has not ruled whether Rule

---

[1]     Plaintiffs' reply brief was previously scheduled to be due on September 30, 2019, but, pursuant to a joint stipulation between plaintiffs and VaughnPerling, the Court granted plaintiffs an extension while the parties in the Florida action engaged in settlement discussions that, if successful, could have obviated the need for discovery from VaughnPerling. Dkt. 29, 30. Those discussions ultimately proved unsuccessful.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-mc-00083-CAS(Ex) | Date | December 2, 2019 |
|---|---|---|---|
| Title | IN RE SUBPOENA TO JOSEPH VAUGHNPERLING [IRA KLEIMAN ET AL. v. CRAIG WRIGHT] | | |

45 requires personal service." Chambers v. Whirlpool Corp., No. 8:11-cv-01733-FMO-JCG, 2016 WL 9451361, at *2 (C.D. Cal. Aug. 12, 2016). "The majority of courts understand 'delivering' to require *personal service* of the subpoena." Fujikura Ltd. v. Finisar Corp., No. 15-mc-80110-HRL-JSC, 2015 WL 5782351, at *5 (N.D. Cal. Oct. 5, 2015) (emphasis added) (collecting cases); see also Charles A. Wright & Arthur R. Miller, 9A Fed. Prac. & Proc. Civ. § 2454 (3d ed.) ("The longstanding interpretation of Rule 45 has been that personal service of subpoenas is required."). "Yet, there appears to be a growing—although still minority—trend among courts to allow substitute service of a Rule 45 subpoena, such as mail delivery, so long as the method of service is reasonably calculated to provide timely, fair notice and an opportunity to object or file a motion to quash." Chambers, 2016 WL 9451361, at *2 (internal citation and punctuation omitted); see also Charles A. Wright & Arthur R. Miller, 9A Fed. Prac. & Proc. Civ. § 2454 (3d ed.) ("In recent years a growing number of cases have departed from the view that personal service is required and alternatively have found service of a subpoena under Rule 45 proper absent personal service."). "Courts are more inclined to grant such alternative service where the serving party has provided sufficient evidence of its earlier diligence in attempting to effectuate personal service." Fujikura, 2015 WL 5782351, at *5.

"Once the person subpoenaed objects to the subpoena, however, the provisions of Rule 45(d) come into play. Then the party seeking discovery must obtain a court order directing compliance." Pennwalt Corp. v. Durand-Wayland, Inc., 708 F.2d 492, 494 n.5 (9th Cir. 1983). The Court may also grant a motion to compel compliance with a Rule 45 subpoena, however, where the nonparty has not formally objected but has instead failed to respond. See, e.g., Miranda v. Hokinson, No. 2:07-cv-0609-JHN-RC, 2008 WL 11337227, at *2 (C.D. Cal. Dec. 12, 2008) (granting motion to compel compliance with Rule 45 subpoena because "[a]lthough defendants have not shown Kaiser objected to the subpoenas, and plaintiff has not brought a motion to quash the subpoenas, . . . the Court infers that Kaiser will not comply with defendants' subpoenas without a Court order.").

### III. DISCUSSION

Plaintiffs request that the Court "issue a second order compelling [] VaughnPerling to respond to the Subpoena in full and without objection, notwithstanding [his] belated assertion that he was never personally served." Second Motion to Compel at 6. Plaintiffs make three principal arguments in support of their motion: "(1) the Court already held that the Subpoena was properly served; (2) regardless, [] VaughnPerling has waived any objections to service; and (3) even if [] VaughnPerling was not personally served . . .

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-mc-00083-CAS(Ex) | Date | December 2, 2019 |
|---|---|---|---|
| Title | IN RE SUBPOENA TO JOSEPH VAUGHNPERLING [IRA KLEIMAN ET AL. v. CRAIG WRIGHT] | | |

service was adequate because (a) [plaintiffs] have diligently attempted to serve [] VaughnPerling using means reasonably calculated to ensure receipt, (b) [] VaughnPerling actually received the Subpoena, and (c) declining to compel compliance would elevate form over substance . . . and only serve to reward [] VaughnPerling for his evasive conduct[.]" Reply at 2. The Court addresses these arguments in turn.

Plaintiffs first assert that the Court should issue a second order compelling VaughnPerling's compliance with the Subpoena because "the Court already held that the Subpoena is valid and was properly served on [VaughnPerling] in compliance with Federal Rule of Civil Procedure 45." Second Motion to Compel at 6 (internal citation and quotation marks omitted). According to plaintiffs, "VaughnPerling's disagreement with that holding does not invalidate it." Id. The Court reached its July 8, 2019 determination regarding the effectiveness of plaintiffs' service on VaughnPerling, however, based on the proof of service that plaintiffs submitted in connection with their first motion to compel, which stated that VaughnPerling was the individual personally served. Dkt. 1-1, Exhibit 4. The Court made that determination without the benefit of the two declarations received by the Clerk of Court on July 3, 2019 and July 5, 2019, respectively, which were not filed on the Court's docket until July 9, 2019, *after* the Court had ordered VaughnPerling to comply with the Subpoena. Dkt. 10, 11, 12, 13. Accordingly, the Court declines to issue a second order requiring VaughnPerling's compliance on this basis.

Plaintiffs next contend that "VaughnPerling has waived any objection that he may have had to the manner in which he was served." Second Motion to Compel at 6. That is because, according to plaintiffs, "VaughnPerling did not object to service until mid-July, long *after* the deadline for compliance had passed[.]" Id. at 7 (emphasis in original). "Where a party has actual notice, failure to make a timely objection waives insufficiency of service." Kwong Mei Lan Mirana v. Battery Tai-Shing Corp., No. 08-cv-80142-JF-RS, 2009 WL 290459, at *2 (N.D. Cal. Feb. 5, 2009). Here, the record demonstrates that VaughnPerling has actual knowledge of the Subpoena. For example, the July 23, 2019 email to plaintiffs' counsel from "p00r_trad3r@yahoo.com" expressly states that "*VaughnPerling* wishes to express thanks to [plaintiffs' counsel] for acknowledging via email that service has not yet been performed, and . . . for [the] offers . . . regarding accepting service, which will be considered." Dkt. 25-6 (emphasis added). In addition, VaughnPerling expressly retained counsel to oppose plaintiffs' second motion to compel compliance with the Subpoena. See Opp. at 3 ("Counsel has been retained for the limited purpose of filing a response to the . . . motion compelling compliance with the unserved subpoena."). However, because as early as July 3, 2019, VaughnPerling first raised the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-mc-00083-CAS(Ex) | Date | December 2, 2019 |
|---|---|---|---|
| Title | IN RE SUBPOENA TO JOSEPH VAUGHNPERLING [IRA KLEIMAN ET AL. v. CRAIG WRIGHT] | | |

possibility that his ex-wife's "paramour," not VaughnPerling, was the individual personally served at the Agoura Property, the Court cannot say that VaughnPerling's argument regarding personal service is either untimely or waived. Dkt. 12.

Finally, plaintiffs argue that "even if [the] process server was mistaken and did not in fact personally serve []VaughnPerling, it does not establish that service was inadequate under Federal Rule of Civil Procedure 45." Second Motion to Compel at 7. The Court agrees, finding persuasive the reasoning in Green v. Baca, No. 02-cv-04744-MMM-MAN, 2005 WL 283361, (C.D. Cal. Jan. 31, 2005). There, the defendant moved to quash subpoenas that the plaintiff served on third parties, arguing *inter alia* that the subpoenas were invalid because "they were not personally served." Id. at *1. The court concluded that "[e]ven if defendant had standing to move to quash," the "plaintiff's failure to effect personal service" did not "render[] the subpoenas procedurally defective." Id. at *1 n.1. The court recognized the split in authority amongst district courts regarding whether Rule 45 requires personal service but noted that "[t]he Ninth Circuit has not addressed the issue." Id. For three reasons, the court concluded that Rule 45 does not require personal service. "First, . . . the language of Rule 45 does not explicitly require personal service of a subpoena. . . . [I]t requires only that a copy be *delivered*: to the person whose attendance is commanded. Such language neither requires in-hand service nor prohibits alternative means of service." Id. (emphasis added) (internal punctuation and citations omitted). "Second, construing Rule 45 to require personal service would render superfluous that part of the rule which states that proof of service is accomplished 'by filing with the clerk of the court . . . a statement of the date *and manner* of service.'" (ellipsis and emphasis in original) (citing Fed. R. Civ. P. 45(b)(3)).[2] "Finally, the court sees no policy distinction between Rules 4, 5 and 45, such that service other than personal service should be sufficient under the first two but not the third." Green, 2005 WL 283361, at *1 n.1. Accordingly, given the circumstances of this case, specifically that VaughnPerling has demonstrated actual knowledge of the subpoena, that plaintiffs attempted to personally serve VaughnPerling at the Agoura Property which plaintiffs' believed to be VaughnPerling's last-known residence, that plaintiffs mailed the subpoena to VaughnPerling at the P.O. Box he wrote as a return address on the envelope for one of the declarations that he mailed to

---

[2] The Court notes that Rule 45 has since been amended and renumbered. The pertinent provision now reads that "[p]roving service, when necessary, requires filing with the issuing court a statement showing the date and *manner of service* and the names of the persons served." Fed. R. Civ. P. 45(b)(4) (emphasis added).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-mc-00083-CAS(Ex) | Date | December 2, 2019 |
|---|---|---|---|
| Title | IN RE SUBPOENA TO JOSEPH VAUGHNPERLING [IRA KLEIMAN ET AL. v. CRAIG WRIGHT] | | |

the Court, and that plaintiffs emailed the subpoena to VaughnPerling in response to an email he sent to plaintiffs' counsel, the Court concludes that plaintiffs' alleged failure to effect personal service on VaughnPerling does not, itself, render the Subpoena defective.

Policy considerations also support the Court's conclusion in this regard. For example, in Ellis-Hall Consultants, LLC v. Hoffmann, the court declined to quash third-party subpoenas, issued pursuant to Rule 45, on the basis that the subpoenas were not personally served. No. 2:12-cv-00771, 2018 WL 4215114, (D. Utah Sept. 4, 2018). There, the court noted that "it is clear that non-parties . . . have received the subpoenas" and therefore "challenge the subpoenas on the basis of procedural technicalities." Id. at *3. The court concluded that "[w]hile the court could certainly require [d]efendants to re-serve the subpoenas, to do so would elevate form over substance and fly in the face of securing 'the just, speedy, and inexpensive determination of every action and proceeding.'" Id. (citing Fed. R. Civ. P. 1).

Here, VaughnPerling does not maintain that he has *not* received the subpoena. Instead, he argues that plaintiffs "assume[] that [VaughnPerling] has knowledge and possession of the subpoena. *This is not proven*." Opp. at 2–3 (emphasis added). The Court declines to find plaintiffs' service of the subpoena on VaughnPerling ineffective on this basis, however. See In re MTS Bank, No. 17-mc-21545, 2018 WL 1718685, at *4 (S.D. Fla. Mar. 16, 2018) (denying motion to quash Rule 45 subpoena on basis that subpoena was not personally served because "A.K. has never denied being in receipt of MTS Bank's subpoena. Instead, A.K. merely argues that the delivery of the subpoena on [his attorney]—who has acknowledged receipt of the subpoena and timely filed a motion to quash—was not served on *him*.") (emphasis added). Moreover, the record before the Court, including VaughnPerling's communications to both plaintiffs' counsel *and* the Court, plainly demonstrates that VaughnPerling *has* received the subpoena and is instead challenging it "on the basis of procedural technicalities." Ellis-Hall, 2018 WL 4215114, at *3. Accordingly, given that discovery in the Florida action is ongoing and trial is set for March 30, 2020, Reply at 2, plaintiffs need not engage in further efforts to serve VaughnPerling through alternative means, because "to do so would elevate form over substance[.]" Ellis-Hall, 2018 WL 4215114, at *3; see also Chambers, 2016 WL 9451361, at *2–3 (granting motion to compel compliance with Rule 45 subpoena where "objectors argue on procedural grounds that the subpoenas were not properly served under Rule 45, and therefore compliance is not required on their part" because "the court is troubled by the objectors' unwillingness to accept service" and "the court is satisfied that plaintiffs have diligently attempted to personally serve the objectors[.]").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-mc-00083-CAS(Ex) | Date | December 2, 2019 |
|---|---|---|---|
| Title | IN RE SUBPOENA TO JOSEPH VAUGHNPERLING [IRA KLEIMAN ET AL. v. CRAIG WRIGHT] | | |

For the foregoing reasons, the Court **GRANTS** plaintiffs' motion for a second order compelling VaughnPerling's compliance with the Subpoena. To the extent that plaintiffs seek, in the alternative, leave to serve VaughnPerling through alternative means, the Court **DENIES** plaintiffs' motion as moot.

### IV. CONCLUSION

The Court **GRANTS** plaintiffs' motion for a second order compelling VaughnPerling's compliance with the Subpoena to produce documents in the Florida action. Accordingly, the Court **ORDERS** VaughnPerling to respond to the Subpoena, without objections, within **fourteen (14) days**. Should VaughnPerling fail to comply with the Subpoena by that time, plaintiffs may bring a motion to hold VaughnPerling in contempt. The Court **DENIES** plaintiffs' motion in all other respects.

IT IS SO ORDERED.

|  | : |
|---|---|
| Initials of Preparer | SMO |